## STATE *vs.* JOHN FLYNN.

A statute provided that any one three times convicted of indecent intoxication within six months, or proven to have been indecently intoxicated three times within six weeks, should be deemed a common drunkard, and imprisoned not less than six months nor more than three years.

*Held*, that this statute did not violate the constitutional right of trial by jury.

*Held*, further, that it would not violate the provision of the Constitution of the United States that no person shall " be subject for the same offence to be twice put in jeopardy of life or limb " if such provision applied to the state governments.

EXCEPTIONS to the Court of Common Pleas.

*October* 22, 1887.  DURFEE, C. J.  This is a complaint charging that the defendant at Providence, on the 23d day of August, 1887; " is a common drunkard, having been convicted of being intoxicated in the city of Providence under such circumstances as to amount to a violation of decency three several times in the six months immediately previous to the date of this complaint, against the statute and the peace and dignity of the State."  The complaint was made under Pub. Stat. R. I. cap. 244, § 24, which enacts that " every person who shall have been convicted three times within a period of six months of intoxication under such circumstances as to amount to a violation of decency, or who shall be proved to have been thus intoxicated three several times within a period of six weeks, shall be deemed a common drunkard."  By a preceding section a common drunkard is punishable by imprisonment for not less than six months nor more than three years. The complaint is brought into this court from the Court of Common Pleas by the defendant by a bill of exceptions, which raises the question whether the section 24 above quoted is constitutional.

The defendant contends that the section is unconstitutional, *first*, because it is in conflict with the declaration contained in the fifth amendment to the Constitution of the United States, that no person shall " be subject for the same offence to be twice put in jeopardy of life or limb ; " and, *second*, because it violates provisions of the state Constitution which secure the right of trial by jury.

A sufficient answer to the first objection is that the fifth is one of several amendments to the Federal Constitution which impose restrictions only on the general government, and do not apply to

state governments. *Barron* v. *Mayor and City Council of Baltimore*, 7 Peters, 243, 247; *State* v. *Paul*, 5 R. I. 185; *Commonwealth* v. *Whitney*, 108 Mass. 5. We do not think, however, that the section would be in conflict with the declaration if the declaration were in our state Constitution. The defendant's contention is that the section makes him renewedly liable to conviction and punishment for offences which he had previously been convicted of and punished for. Clearly this is not so. His previous offences were offences of being intoxicated in the city of Providence under such circumstances as to amount to a violation of decency. The offence of which he is now accused is that of being a common drunkard. The difference is this: his previous offences were separate acts of intoxication, whereas the offence of which he is now accused consists in his having a character attached to him by force of the section, in consequence of having been convicted of his previous offences; namely, the character of a common drunkard, for which he is punishable under a preceding section.

The section is similar in effect to a former statute of Massachusetts. The statute provided that, when a person should be twice convicted of offences punishable by confinement to hard labor for any term of years, he should on his second conviction be sentenced to solitary confinement, etc., in addition to the punishment prescribed for the offence; and also, if the first conviction was not known in time for this, that the further sentence should be imposed by the Supreme Court on information setting out the facts. In *Ross's case*, 2 Pick. 165, the validity of such further sentence imposed on information was confirmed. The policy of such statutes is to prevent the repetition of offences by punishing with increased severity the offender who, by repeating his offence, shows that the lighter sentences have been inefficacious. *Plumbly* v. *The Commonwealth*, 2 Metc. 413; *Commonwealth* v. *Hughes*, 133 Mass. 496.

We do not see any valid ground for the second objection. There is nothing to prevent any person who is complained of under cap. 244, § 24, from having a trial by jury on any question of fact arising under the complaint if he desires it, and there is, and long has been, provision for jury trial on complaints for indecent intoxication, so that the three convictions cannot have been

obtained against him without jury trial, unless he has seen fit to forego it.                          *Exceptions overruled.*

*Nicholas Van Slyck*, City Solicitor of the City of Providence, & *Cyrus M. Van Slyck*, for plaintiff.

*Charles A. Wilson* & *Thomas A. Jenckes*, for defendant.