## Davis v. Commonwealth.

(Decided October 4, 1929.)

JACK E. FISHER for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

·OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Affirming.

Herman Davis was tried on an indictment charging him with a second violation of the Rash-Gullion Act (Acts 1922, c. 33); specifically both offenses charged being the unlawful possession of spirituous liquors. He was found guilty and sentenced to confinement in the state penitentiary for one year. He appeals.

It is first urged that the indictment does not specifically charge that the defendant was the identical person convicted on the former trial. In this appellant is in error. The indictment reads:

"The Grand Jurors of the County of McCracken in the name and by the authority of the Commonwealth of Kentucky accuse Herman Davis of the offense of unlawfully and feloniously having in his possession spirituous, vinous, malt, and intoxicating liquors for other than scientific, sacramental, mechanical or medicinal purposes in the Commonwealth of Kentucky, and with having been previously convicted of unlawfully possessing intoxicat-

ing liquors, committed in manner and form as follows, to-wit: The said Herman Davis, in the county of McCracken on the 26th day of January, 1929, and within one year before finding this indictment, did willfully and unlawfully and feloniously have in his possession spirituous, vinous, malt and intoxicating liquors, to-wit: whisky, for other than scientific, sacramental, mechanical or medicinal purposes.

"Second count:

"The Grand Jurors of McCracken county in the name and by the authority of the Commonwealth of Kentucky do further find that on the 11th day of January, 1927, the aforesaid Herman Davis was duly and regularly tried in the McCracken circuit court on an indictment charging him of the offense of having in his possession, on the 8th day of October, 1926, and within one year prior thereto, spirituous, vinous, malt and intoxicating liquors, and in said court on said day by his attorney entered into an agreed judgment whereby the said Herman Davis was adjudged to pay a fine of Two Hundred Dollars ($200.00) and the costs of said prosecution and adjudged to be confined in the county jail of McCracken county for a period of thirty days, and was further adjudged to execute a peace bond to the Commonwealth of Kentucky in the penal sum of One Thousand Dollars ($1,000.00) conditioned that he, the said defendant, would not violate any of the laws of this commonwealth relative to the sale, manufacture, possession, giving away or transportation of intoxicating liquors and said judgment has never been annulled, appealed from, vacated, modified nor set aside.

"The aforesaid indictment upon which the said judgment was rendered was returned in the McCracken county circuit court by the Grand Jurors thereof on the 8th day of October, 1926, and charged the defendant of unlawfully having in his possession spirituous, vinous, malt and intoxicating liquors for other than scientific, sacramental, mechanical or medicinal purposes in the Commonwealth of Kentucky on the —— day of October, 1926, and within one year before the finding of said indictment, and the offense charged herein is a violation of the same law for the violation of which the above mentioned in-

dictment was returned, and the above judgment ren dered, against the peace and dignity of the Common-wealth of Kentucky.''

It will be observed that in the third line of the second count the defendant is referred to as ''the aforesaid Herman Davis,'' and later in that count he is referred to as ''said Herman Davis.'' This could refer to no one but the defendant in the indictment, Herman Davis, and clearly charges that he was the one tried and convicted under the former indictment. No other criticism is urged. The demurrer to the indictment was therefore properly overruled.

It is next urged that defendant was entitled to a peremptory instruction. The evidence relating to the second offense will be considered first. The facts are these: The federal and local officers had discovered a still, but did not know who was operating it. After going to the site two or three times, two of the officers on the night of October 8th or 9th, repaired to the still just before midnight. When they arrived within 200 yards of the still they saw a light burning and heard persons talking, whereupon, without attracting any attention, they crawled within a few feet of the still, remaining secreted behind some barrels. They remained in this position for several hours. During this time they recognized Herman Davis. He was busily engaged in transferring slop from the slop barrels to the still, and in pouring whisky in jugs on the ground. There were two others present, who one witness recognized as Ed Parham and Fred Parham. About 4 a. m. the officers made a rush upon the parties, who ran and were not captured at that time, but were arrested later. An 80-gallon still, much slop, and a quantity of whisky were confiscated and destroyed. Other witnesses testified as to appellant's bad reputation for traffic in liquor.

Appellant's defense is an alibi and a denial of any knowledge or interest in the still. He testifies that on the night of the raid he was at home and retired about 9 o'clock. Some time later Herman Blair called. He arose and talked with him for a few moments and went back to bed about 10 o'clock. The next morning he was arrested and heard that Fred Parham had been shot the night before in a still raid. This was the first he knew

of the matter. Herman Blair corroborated his evidence as to an alibi, as do others.

Fred Parham testified that he owned the still, and that Clarence Story and Leroy Davis assisted in its operation, and these three were so engaged on the night it was raided; no one else being interested. He had been tried on this charge, and had pleaded guilty. Ed Parham testified that he was not present at the time and had no interest in the still, but admitted that he was indicted for the offense and pleaded guilty to the charge and took a fine of $100 and 30 days in jail. Appellant's affidavit was read as the deposition of Clarence Story and Roy Davis, who were not present at the trial. This was to the effect that Herman Davis had no interest in the still, but that it was wholly owned and operated by them and Fred Parham. These facts are clearly sufficient to sustain a conviction of appellant on the charge of having spirituous liquor in his possession. It is strongly insisted, however, that the evidence was insufficient to identify him as being the identical person convicted of the first offense charged in the indictment. As to this the circuit clerk testified and introduced all the records, including the indictment, judgment, and all orders relating to the trial on the indictment returned October 8, 1926, and the fact that the record showed that the judgment had never been appealed from, annulled, vacated, modified, or set aside.

A. W. Lee, one of the officers who arrested appellant, and who was a witness of the first trial testified:

"Q. Say whether or not this Herman Davis is the same Herman Davis who was adjudged to pay a fine of $200.00 and be confined for thirty days in jail on January 11, 1927, if you know? A. About that time. I recall the case, but don't know the exact date.

"Q. It was on or about the date that this man was adjudged to pay a fine of $200.00 and be confined in jail for thirty days? A. Yes, sir.

"Q. Is there any other Herman Davis in this county that you know of, who has been convicted of violating the prohibition law? (Objection. Overruled. Exception.) A. No sir. . . .

"Q. Is there any other Herman Davis who has been tried here that you know of? A. No, sir.

"By Attorney for Appellant: Q. You would not say there is no other Herman Davis? A. No, sir.

C. G. Clark has been deputy sheriff waiting on the court for sixteen years. He testified that he knew Herman Davis, that Herman Davis had been fined so many times that he could not remember the different dates, and therefore could not say whether he was the same Herman Davis who had been tried on January 11, 1927. He further testified that he did not know of any other Herman Davis having been tried in that court on an indictment charging him with the possession of liquor. Appellant introduced no evidence on that point.

In May v. C. & O. R. R. Co., 184 Ky. 493, 212 S. W. 131, we held that identity of names is prima facie evidence of identity of persons, no other facts appearing. The same rule was followed with elaboration in Belcher v. Com., 216 Ky. 126, 287 S. W. 550. This presumption is here strengthened by the evidence of the commonwealth, and is not contradicted. Taken as a whole, this was sufficient to identify the defendant on the second trial as being the same Herman Davis who was convicted on the first trial. Therefore the court did not err in overruling motion for peremptory instruction, and the evidence is sufficient to sustain the verdict.

It is lastly urged that the court erred in permitting certain witnesses to testify on this trial that defendant's reputation for traffic in liquor was bad, without confining such evidence to his reputation at the time of the commission of the offense and prior thereto. We so held in Harvey v. Com., 226 Ky. 36, 10 S. W. (2d) 471. The first two witnesses testified without objection. Later three or four others were introduced and testified in the same manner over the objection of appellant. The court erred in not limiting the testimony of the last group of witnesses. But, under the facts of this case, we do not think this error could have been prejudicial, as the independent evidence relating to the first trial showed defendant had been theretofore convicted of unlawfully possessing intoxicating liquor, and a bad reputation therefor was naturally created. Besides the case was bottomed on the testimony of eyewitnesses.

On the whole case, perceiving no error, the judgment is affirmed.