RUSSELL D. RHODES v. STATE OF NEBRASKA.

FILED DECEMBER 1, 1932. No. 28330.

*C. L. Stewart,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

In the first count of an information, it was charged that Russell D. Rhodes, defendant, was found in a state of intoxication in Clay county, and in the second count that he drove a motor vehicle on public highways therein while intoxicated, the date of each offense being May 29, 1931. He pleaded not guilty and upon a trial was convicted on both counts. On the first he was fined $50. On the second he was sentenced to serve a term of 30 days in the county jail and forbidden to drive a motor vehicle for a year. As plaintiff in error, defendant presented for review the record of his conviction.

One ground of assigned error is insufficiency of the evidence to sustain the conviction. Defendant resided near Spring Ranch, Clay county. During the night of May 29, 1931, he left home in an automobile and drove to Edgar, from whence he took a northward course toward Clay Center. On the way he went into a ditch four miles north of Edgar, could not get out without help, went to a farm house a few rods distant and aroused the farmer from his bed. Two men who saw the car in the ditch followed defendant to the farmhouse and offered help. All four went to defendant's automobile and one of them pulled it with his own car onto the highway. Whether defendant was in a condition to drive was a subject of conversation. His car was headed the wrong way and he was not permitted to turn it toward Clay Center. Another man turned it for him. After a little delay defendant was permitted to take the wheel. Two

of the men present attempted to follow him for a distance to see if he could manage his car. There is testimony that they drove at the rate of 45 miles an hour without keeping in sight of defendant and that he disregarded a stop signal; that there was the odor of whiskey on his breath at the farmhouse and at the place where he went into the ditch; that he staggered; that a quart jar which smelled of whiskey was found next morning near the place where his car left the highway after 10 p. m.; that he drove to Clay Center and started home; that on the way he collided with another car about 12:30 the same night; that both cars were wrecked; that after the second accident his tongue was thick and that he staggered. Two witnesses who observed him at the scene of the first accident expressed the opinion that he was intoxicated. This is a mere outline of the state's case. While the evidence was conflicting, the circumstances, the testimony of eye-witnesses and their opinions, based on what they observed, were sufficient to sustain the verdict.

Another assignment of error is directed to the exclusion of photographs as evidence. They were taken by defendant at his home a week or two after the accident and are pictures of his car after it was wrecked. They were properly excluded as not tending to prove or disprove any issue in the case. Prejudicial error has not been found.

AFFIRMED.