RALPH BURNHAM V. STATE OF NEBRASKA.

FILED JUNE 12, 1934. No. 29042.

*George W. France*, for plaintiff in error.

*Paul F. Good, Attorney General*, and *William H. Wright*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

EBERLY, J.

This is an appeal by Ralph Burnham from a conviction and sentence, as for a second offense, under the provisions of section 53-103, Comp. St. 1929. Plaintiff in error, who will hereafter be referred to as defendant, presents but two assignments of error in his brief for our consideration, viz.: "1. The court erred in overruling the defendant's plea in abatement. 2. The court erred in permitting the state to introduce in evidence before the jury the records of the district court tending to prove the prior conviction."

As to the first assignment of error, it may be said that on September 19, 1933, the defendant filed in this case, then pending in the district court for York county, his plea in abatement challenging the sufficiency of the information theretofore filed for the reasons therein set forth, which included allegations that the sentence imposed for the offense charged in the information as the "first or previous conviction" was void.

To this plea the state thereupon filed an answer in which it was alleged that the state of Nebraska, "for reply to the plea in abatement of the defendant filed herein, denies every allegation, averment and conclusion set forth in said plea except as shown by the records of this court."

The issue thus formed was tried to the court on September 21, 1933, and "evidence taken and matter argued by counsel, and the court takes the matter under consideration."

On September 25, 1933, "The court, after careful consideration of the evidence and the pleadings, * * * finds for the state and against the defendant." But the evidence adduced by the parties and considered by the court, in determining issues presented by the plea in abatement and the answer thereto, is not preserved in the bill of exceptions.

To review a decision of the trial court upon appeal in a criminal case upon a question of fact, where evidence was submitted and considered, it is essential that such evidence be preserved in a proper bill of exceptions, duly settled and allowed.

It follows, therefore, that defendant's first assignment of error may not be considered.

However, it may be said that the facts as alleged which defendant relied on to sustain his plea in abatement (being the claimed invalidity of the conviction for the "first offense" as set forth in the state's information) are wholly insufficient. This is true for the reason that the validity of the "first conviction" thus challenged by the defendant's plea in abatement was properly triable under

the issue of "not guilty." We are committed to the rule that "Matters cannot be presented by plea in abatement which are triable under a plea of not guilty." *State v. Bailey*, 57 Neb. 204.

The defendant's second assignment of error in his brief is based on the contention that the records of the clerk of the district court of the alleged and supposed prior conviction should not have been offered or introduced in evidence before the jury, and that, when the issue is presented as to whether there has been a prior conviction, it is a question of law to be determined by the court alone and without the intervention of a jury.

The rule established by the authorities is: "Where the statute authorizes an increased penalty upon a second or subsequent conviction, the record of the former conviction in the proper court is of course admissible to establish the former conviction." 7 Ency. of Evidence, 758.

The allegation of a prior conviction, in the present information, was a material allegation. It was traversed by defendant's plea of "not guilty." By this plea an issue of fact was created which imposed on the state the burden of presenting to the triers of fact, the jury, a proper judicial record disclosing a conviction and sentence, and identifying the defendant in the instant case as a defendant in the record thus introduced. The sufficiency of this evidence was necessarily, under proper instructions of the trial court, to be submitted to the jury for determination, and the district court committed no error in so doing.

The two assignments of error heretofore discussed constitute all that appear in defendant's brief, properly set forth as required by our rules. Such rules require that the brief of the appellant shall set out particularly the errors asserted, and the assignment not so made and definitely discussed in the brief will not ordinarily be considered. *Mauder v. State*, 97 Neb. 380.

It follows that, no error appearing in the record, the judgment and sentence of the trial court is correct, and is

AFFIRMED.