FRED HAFFKE V. STATE OF NEBRASKA.

FILED OCTOBER 11, 1935. No. 29527.

*J. A. Capwell,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

Rose, J.

In a prosecution by the state in the district court for Cass county, Fred Haffke, defendant, was convicted of unlawfully operating a motor vehicle on public highways in Cass county, Nebraska, November 13, 1934, while intoxicated. For that offense he was sentenced to serve a term of 30 days in the county jail and in addition his driver's license was revoked. As plaintiff in error, defendant presents for review the record of his conviction.

It is urged as a ground of reversal that the evidence is insufficient to prove the intoxication of defendant beyond a reasonable doubt. The sheriff and his deputy testified that defendant was intoxicated at the times and places charged in the information, but defendant argues that their testimony was inadmissible for want of a proper foundation or of evidential facts showing their competency to so testify. The record contains evidence tending to prove the following facts: Complaint of drunken drivers in the streets of Plattsmouth was heard by the sheriff, who directed his deputy to "pick them up." About 6:15 the same evening, November 13, 1934, the deputy found defendant and a companion named "Hopkins" in the cab of a truck, the latter driving, and took them to the sheriff's house, where the sheriff engaged them in conversation. The sheriff said he was sure they had been drinking, but thought they were capable of taking the truck home and told defendant he would let him go, if he would take the truck home and stay there. The deputy took defendant to the truck and went home with Hopkins. Approximately an hour later the deputy, in a car, drove over a curb to prevent a collision with the truck while being driven by defendant on the wrong side of the street. While the deputy was backing into the street, defendant disappeared. The deputy immediately went for the sheriff and the two of them made a search for the truck, overtaking defendant operating it on a public street. They observed the truck was driven by defendant into a curb twice on one side of the street and into a curb twice on the other side. It was dark and

there was no light on the truck. Defendant was told he was arrested for driving while drunk and tried to argue with the sheriff to the contrary. The deputy had known defendant for twelve years and the sheriff had known him for two years. These officers observed defendant's conduct and condition and were competent to testify to the opinion that he was intoxicated at the time and place charged in the information. *Rhodes v. State,* 124 Neb. 147. The record makes clear the sufficiency of the evidence to sustain the conviction.

It is also argued that a bottle, partially filled with a liquid labeled "Whisky," was erroneously admitted in evidence. If the foundation was insufficient in the first instance, it was subsequently supplied by testimony of defendant who identified the contents as whisky; the order in which the evidence was introduced not being prejudicial error. The deputy sheriff testified that, when defendant was first stopped in the truck, he dropped the bottle on the parkway and that it was produced in court in the same condition it was in when picked up by the witness. Defendant was asked on the witness-stand if he had anything to drink before he was first stopped by the officer, and answered: "We had a couple drinks of whisky and of course that beer and that beer kind of upset my stomach." He said further that they had whisky on the way to Fort Crook; that it was the other fellow's whisky; that they never drank anything but beer on the way back; that they got the two drinks of whisky out of the bottle. There was therefore sufficient foundation for the admission of the bottle in evidence and it tended to prove a competent circumstance in connection with other proofs. Error prejudicial to defendant has not been found in the record.

AFFIRMED.