BERNARD C. POPPE, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

52 N. W. 2d 422

Filed March 21, 1952. No. 33062.

*William L. Walker* and *Earl Ludlam,* for appellant.

*Clarence S. Beck,* Attorney General, and *Dean G. Kratz,*
for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER,
CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

Plaintiff in error Bernard C. Poppe, defendant in the
district court for Sarpy County, brings this error pro-
ceeding seeking reversal of his conviction of unlawfully
operating a motor vehicle upon the public highways of

this state while under the influence of alcoholic liquor. The information also contained charges of two previous convictions of a like offense. His motion for new trial having been overruled, the defendant was sentenced to serve not less than 1 year nor more than 18 months in the State Reformatory for men. The trial court also ordered the defendant not to drive any motor vehicle for a period of 1 year from the date of his final discharge from the State Reformatory for men.

We will refer to the plaintiff in error as the defendant.

The defendant assigns as error that the verdict of the jury is not sustained by sufficient evidence.

The evidence adduced by the State, briefly summarized, is as follows: About 9:15 p. m., on February 13, 1951, patrolman Whitney of the Nebraska Safety Patrol was patrolling Federal Highway No. 6 from Lincoln to Gretna. The night was clear and cold, and the pavement was dry. While he was in the cruiser car a little east of Linoma Beach the defendant's car passed him at a speed of 50 miles an hour. The defendant's car was weaving back and forth across the pavement. The patrolman fell in behind the defendant's car at a distance of about two blocks and continued northeast on highway No. 6 at a speed of 65 miles an hour. The defendant's car continued to weave back and forth and sometimes would be completely across the center line of the pavement. After following the defendant for a mile, the patrolman attempted to speed up and stop him, at which time the defendant speeded up his car and started to pull away from the patrolman. The two cars continued on northeast to a hill which is between two and three miles east of Linoma Beach, and started up the hill. They met a truck, and defendant slowed his vehicle down to approximately 35 miles an hour, and was at that time on his own side of the road. After being clear of the truck, the defendant speeded up and reached the top of the hill traveling very fast. The patrolman was unable to stop him.

They proceeded on, and passed the junction of highways No. 85 and No. 6, and proceeded straight north. Defendant was traveling at a rate of speed of from 85 to 90 miles an hour. At that time the defendant's car was swerving on the highway. It would swerve completely across the highway and then sharply back to its right side of the highway. This occurred several times between that point and the southwest corner of Gretna, at which time the defendant came up behind three cars which were traveling northeast in the curve proceeding to Gretna. The defendant passed these cars at a high rate of speed. He was unable to see around this curve to tell if any traffic was coming. After defendant got clear around the curve, the patrolman could see the road ahead, and he speeded up the cruiser car. The defendant had slowed down, turned in at the east side of the Home Oil Company, and stopped. As he came to a stop the patrolman pulled up on the right side of the defendant's car and stopped. The patrolman opened the door of the defendant's car and smelled a strong odor of alcoholic liquor. The defendant stepped out of his car holding on to it. He was unsteady on his feet, his face was flushed, and his eyes were watery and bloodshot. He was not clear in his speech and stuttered considerably. His clothes were disheveled and his hair was mussed. As he walked to the patrol car his feet were spread far apart. He staggered and his body lurched forward. On the way to Papillion, the county seat of Sarpy County, the defendant would fall asleep, wake up, straighten up, then fall asleep again. Upon the arrival at Papillion they met another patrolman and the deputy sheriff of Sarpy County. These two officers testified to the defendant's condition substantially to the same effect as the arresting patrolman. All of these witnesses gave as their opinion that the defendant was under the influence of intoxicating liquor. On the inside of the defendant's car was found two six-pack

cartons of beer, and another carton with two cans of beer gone.

The defendant testified that he is 29 years old, unmarried, and lives with his parents. He was employed as an inside laborer with a railroad company. Since his return from military service he has been nervous and restless when not working, and he would go down town or drive his car. He further testified that he went to night school, attending a body and fender class. Prior to February 13, 1951, he had been on a vacation. He admitted the speed of his car to be 70 miles an hour on occasions, and that he slowed down for the truck as the headlights on the truck were set high. He further testified that his windows were not steamed up. One front wheel on his automobile was out of line which caused it to swerve to the left, and he was required to pull it back. He did not cross the center line of the pavement. He always slowed down for trucks and other cars. When he came to the curve he was traveling 75 miles an hour. He passed the cars on the curve, slowed down, and had stopped at Gretna to get something to eat when the patrolman came up. He was acquainted with the highway. His feet had been frozen on many occasions, and when he sat in the car for a long period of time his legs would go to sleep. When he stopped and got out of the car, the ground was rough and he turned his ankle a little bit. Two or three hours before the patrolman stopped him he had had a can of beer before he got to Ashland. He never wears a hat, and while he was out of the car near Linoma Beach his hair became mussed. He described the way he was dressed as the kind of clothes he usually wore to work.

The defendant's father testified that after the defendant went into the service the family moved from a farm to Lincoln, and defendant lived with them. Defendant was on vacation prior to February 13, 1951, and spent most of his time around the house. In the evening defendant attended a body and fender school.

Since his birth, defendant has had a defect of speech which retarded his schooling. When he got excited or nervous he stuttered very badly. He had trouble with his feet; they had been frozen. Damp weather caused him to have rheumatism, and when he would get up from a sitting position, he would stagger. This witness never saw the defendant drink too much beer.

In a prosecution against defendant for intoxication and for driving a motor vehicle while intoxicated, evidence of odor of alcoholic liquor on his breath, of staggering, of impaired control of mental faculties, and of disregard of danger resulting in accidents, and opinions by witnesses testifying from observation that he was intoxicated at the time and place charged, may be sufficient to sustain a conviction. See Rhodes v. State, 124 Neb. 147, 245 N. W. 402. See, also, Smith v. State, 124 Neb. 587, 247 N. W. 421.

"This court will not interfere with a verdict of guilty in a criminal case which is based upon conflicting evidence unless it is so lacking in probative force that we can say as a matter of law that it is insufficient to support a finding of guilt beyond a reasonable doubt." Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462.

Before taking up other assignments of error contended for by the defendant, we make reference to Haffke v. State, *supra,* wherein section 39-727, R. S. 1943, was involved. This statute was amended in 1947 and 1949, and for the purposes of this case is section 39-727, R. S. Supp., 1949. The amendments, however, do not affect the subject matter contained in the act to the extent of making any material difference in determining the proceedings in error in the instant case as will subsequently appear from an analysis of Haffke v. State, *supra.* The statute provides in part as follows: "It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug. Any person who shall operate or be in actual physical

control of any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows: * * *." Following this language the statute specifies the penalties to be assessed for a first, a second, and a third or subsequent offense. The penalties increase in severity in each instance. It is noted that the statute defines one crime. It provides different penalties within limits upon conviction depending upon whether the person found guilty had previously been convicted of one or more offenses under the statute. Nowhere in the statute is the jury given any function to perform with reference to the penalty. The penalties are in effect habitual criminal penalties limited to the one crime defined in the statute. See Jones v. State, 147 Neb. 219, 22 N. W. 2d 710.

The defendant in the cited case contended, as the defendant here, that the jury should have been allowed to decide whether or not the defendant was guilty of a lesser crime. The obvious answer is that the statute defines but one crime, that of operating a motor vehicle while under the influence of alcoholic liquor or of any drug.

This court, in Haffke v. State, *supra,* recognized a diversity of opinion respecting the province of court and jury where a charge is made of a second or subsequent offense, citing authorities, then went on to say: "In the absence of a statute placing upon the jury a duty with reference to the penalty (such as section 28-401, R. S. 1943), the penalty to be imposed after conviction of a criminal offense is not for the jury but for the court to determine within the limits fixed by the statute. * * * 'Except as to crimes having an element of motive, criminal intent, or guilty knowledge, evidence of separate and distinct offenses committed by accused is not admissible.' Swogger v. State, 116 Neb. 563, 218 N. W. 416; Henry v. State, 136 Neb. 454, 286 N. W. 338." The reason for these rules and the rules themselves are

in conflict with the conclusions announced in Wozniak v. State, 103 Neb. 749, 174 N. W. 298; Osborne v. State, 115 Neb. 65, 211 N. W. 179; Burnham v. State, 127 Neb. 370, 255 N. W. 48; Wiese v. State, 138 Neb. 685, 294 N. W. 482. This court then accepted as sound the reasoning of other courts, citing Sammons v. State, 210 Ind. 40, 199 N. E. 555; Levell v. Simpson,. 142 Kan. 892, 52 P. 2d 372; Hill v. Hudspeth, 161 Kan. 376, 168 P. 2d 922; People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9; Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917. We deem it unnecessary to again set out the holdings in the afore-cited cases upon which this court relied in Haffke v. State, *supra.* To discern the applicability of such decisions we make reference to the Haffke case.

In Haffke v. State, *supra,* we said: "Accordingly, under section 25, article V, of the Constitution, we promulgate the following rule of practice and procedure in criminal cases hereafter tried in all courts. In the absence of a provision placing upon the jury a duty with reference to the penalty, where punishment is sought under any statute defining one crime and providing for an enhanced penalty upon conviction of a second or subsequent offense: (1) The facts with reference thereto must be alleged in the complaint, indictment or information upon which the accused is prosecuted; (2) the fact that the accused is charged with having committed a second or subsequent offense should not be an issue upon the trial and should not in any manner be disclosed to the jury; (3) if the accused is convicted, before sentence is imposed a hearing should be had before the court without a jury as to whether or not there have been any prior convictions of the accused under the same statute; (4) the accused should be given notice of the time of hearing at. least three days prior thereto; and (5) at the hearing, if. the court finds from the evidence submitted that the accused has been convicted prior thereto under the same statute,

the court should sentence the accused according to the enhanced penalty applicable to the facts found. This rule, of course, does not in any manner limit the application in a proper case of the provisions of section 25-1214, R. S. 1943."

The defendant predicates error on part 2 of the rule of practice and procedure in criminal cases as above stated, for the reason that such a rule deprives defendant of having a jury trial on all issues involved in the felony charge, which is guaranteed to him under the Constitution of Nebraska and the Constitution of the United States. Also, the defendant predicates error on part 3 of the practice and procedure in criminal cases as above stated, for the same reason, and on part 5 as previously stated, for the reason that under such rule defendant received the enhanced sentence for a felony rather than a misdemeanor, without having a trial by jury on the previous convictions. The defendant then relies on the cases of Wiese v. State, *supra;* Burnham v. State, *supra;* Osborne v. State, *supra;* and Wosniak v. State, *supra.* These cases are discussed in Haffke v. State, *supra,* and overruled insofar as the same were in conflict with the practice and procedure in criminal cases adopted in Haffke v. State, *supra.* We find no occasion to discuss the holdings in such cases again.

The defendant, in contending that he was deprived of and denied his constitutional rights cites the following: Article I, section 6, of the Constitution of Nebraska, to the effect that the right of trial by jury shall remain inviolate; Article III, section 2, of the Constitution of the United States, as follows: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; * * *"; amendment V of the Constitution of the United States, "* * * nor shall any person be subject for the same offense to be twice put in jeopardy * * * nor be deprived of life, liberty, or property, without due process of law; * * *"; amendment VI of the Constitution of the United States to the effect that the defendant shall be entitled

to a speedy and public trial by an impartial jury of the state; amendment XIV of the Constitution of the United States, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws"; Article I, section 11, of the Constitution of Nebraska with reference to the right of the defendant to have a speedy, public trial by an impartial jury of the county or district in which the offense is alleged to have been committed; and Article I, section 12, of the Constitution of Nebraska, "No person shall be compelled, in any criminal case, to give evidence against himself, or be twice put in jeopardy for the same offense."

The practice and procedure in criminal cases adopted in Haffke v. State, *supra,* is analogous to that now in effect in the habitual criminal act. This practice and procedure was adopted as a matter of sound public policy, and applies to any statute which imposes the duty upon a court to inflict a greater punishment on the repetition of an offense.

Under statutes providing for a higher penalty or more severe punishment to be imposed for a second or subsequent offense under the liquor laws than for a first offense, see Cisson v. United States, 37 F. 2d 330; Massey v. United States, 281 F. 293; and cases subsequently cited.

All questions here raised by the defendant against the constitutional validity of section 39-727, R. S. Supp., 1949, have been settled adversely to his contentions insofar as the Constitution of the United States is concerned. See, Graham v. West Virginia, *supra;* McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542; State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. N. S. 449; 16 C. J., Criminal Law, § 3151, p. 1339; 24 C. J. S., Criminal Law, § 1959, p. 1145; 8 R. C. L., Criminal Law, §§ 284, 285, 286, 287, pp. 271, 272, 273;

Moore v. Missouri, 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301; and as to state constitutions by decisions in numerous state courts. The reasoning supporting these decisions is equally applicable to the provisions found in the Constitution of Nebraska. See, a very complete note to State v. LePitre, 54 Wash. 166, 103 P. 27, 18 Ann. Cas. 922; In re Miller, 110 Mich. 676, 68 N. W. 990, 34 L. R. A. 398, 64 Am. S. R. 378; Note to Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. N. S. 431; 1 Bishop on Criminal Law, 9 Ed., § 947 (7), p. 700, § 993a, p. 736; Jones v. State, 9 Okl. Cr. 646, 133 P. 249, 48 L. R. A. N. S. 204; Cross v. State, 96 Fla. 768, 119 So. 380; State v. Vandetta, 108 W. Va. 277, 150 S. E. 736; Rand v. Commonwealth (Va.) 9 Gratt. 738; People v. McCarthy, 45 How. Pr. 97; State v. Flynn, 16 R. I. 10, 11 A. 170; State v. Zywicki, 175 Minn. 508, 221 N. W. 900; Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887.

To set out the reasoning in the above-cited cases holding that habitual criminal acts, or an act such as involved in this case, are constitutional would unnecessarily lengthen this opinion and serve no useful purpose. We make reference to the same in answer to defendant's assignments of error attacking the constitutionality of the act here involved.

The question arises as to the identity of the accused, and whether he is the same person who was convicted of two previous offenses of like nature as provided for in the act. This hearing was had before the court. The defendant objected to the hearing before the court for the reason that he was denied his guaranteed constitutional rights. This objection was overruled. We have previously determined in the opinion the subject matter of the objection, and proceed to the evidence on this phase of the case.

The record discloses that the sheriff of Gage County arrested the defendant on November 26, 1949, when he found him driving a motor vehicle upon the public

highways of this state in said county, while under the influence of alcoholic liquor. He was taken by the sheriff before a justice of the peace. His constitutional rights were explained to him. The sheriff testified against him. Defendant voluntarily entered his plea of guilty. He paid a fine and his license to drive a motor vehicle was suspended, as provided for under the statute in question for the first offense. The transcript of proceedings in the justice court was admitted in evidence.

A member of the Nebraska Safety Patrol testified to arresting the defendant while he was driving a motor vehicle when he was under the influence of alcoholic liquor upon the public highways of this state, near Lincoln, Nebraska, on May 30, 1950. The defendant was taken before the municipal court at Lincoln, Nebraska, on May 31, 1950. The patrolman testified against the defendant. The transcript of the proceedings had in municipal court was admitted in evidence, showing that the defendant's motion to dismiss the case against him was overruled. He was fined $100 and costs, his driver's license suspended for one year, and his car impounded, as provided for the second offense under section 39-727, R. S. Supp., 1949. He appealed to the district court. The case was settled on December 1, 1950. Defendant paid his fine of $100 and costs, and his driver's license was suspended. Certified copy of these proceedings appears in the record.

Patrolman Whitney, the arresting officer, testified in the instant case and also in the hearing before the trial court which was held for the purpose of fixing the penalty, and identified the defendant as the same person charged in the information in the instant case.

All of the witnesses testifying at this hearing identified the defendant as the same person involved in the previous convictions, who was tried before a jury in the instant case. Such evidence is held to be sufficient on identification of the accused as the person convicted

of two previous offenses of the same nature. See, Sammons v. State, *supra;* Massachusetts Bonding & Ins. Co. v. State ex rel. Gary, 191 Ind. 595, 131 N. E. 398; Davis v. Commonwealth, 230 Ky. 732, 20 S. W. 2d 731; Belcher v. Commonwealth, 216 Ky. 126, 287 S. W. 550; Graham v. West Virginia, *supra;* State v. Dale, 115 Wash. 466, 197 P. 645.

We conclude, in the light of the evidence and the foregoing authorities, that the defendant was properly identified as the person who committed two previous offenses, as provided for in section 39-727, R. S. Supp., 1949, and was convicted of two previous offenses; also that he was the person identified and convicted of the offense charged in the information in the instant case.

Other assignments of error are without merit and need not be discussed.

We adhere to the principles of law announced in Haffke v. State, *supra.*

There appearing to be no prejudicial error in the record, we conclude that the verdict of the jury and the sentence of the trial court should be, and are hereby, affirmed.

AFFIRMED.