CHARLES BRADEHORST, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

95 N. W. 2d 495

Filed March 20, 1959. No. 34457.

*Schrempp & Lathrop,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Gerald S. Vitamvas,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff in error, subsequently referred to as defendant, was convicted in the district court for Otoe County on the charge of breaking and entering. A sentence of 2 to 4 years in the Nebraska State Reformatory was imposed by the trial court. Defendant seeks a review in this court.

The only error assigned is that the trial court erred in overruling defendant's plea in abatement for the reason that the evidence was insufficient to justify the examining magistrate holding the defendant for trial in the district court.

There is no bill of exceptions. This court has consistently held that, to review a decision of the trial court on error proceedings in a criminal case on a question of fact, it is essential that such evidence be preserved in a proper bill of exceptions. The evidence introduced on the hearing of issues of fact formed by a plea in abatement in a criminal case and the State's answer thereto cannot be reviewed here unless preserved in a bill of exceptions. Burnham v. State, 127 Neb. 370, 255 N. W. 48. In the absence of a bill of exceptions the only issue that can be considered on review by this court is the sufficiency of the pleadings to sustain the judgment. Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82. The pleadings clearly sustain the judgment.

We conclude that defendant's contentions as shown by his assignment of error are not before us for consideration and the judgment of the district court should be affirmed.

AFFIRMED.