STATE OF NEBRASKA, APPELLEE, V. JEWEL A. HOUP,
APPELLANT.

154 N. W. 2d 465

Filed November 24, 1967. No. 36668.

Edward F. Carter, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was charged with larceny of a grain semitrailer "of the value of approximately $2,000.00." The jury was instructed that in order to convict the defendant, the State must prove and the jury find that the trailer was of the approximate value of $2,000. On April 18, 1967, the jury returned a verdict finding the defendant "guilty as charged in the information." The jury did not "ascertain and declare in its verdict the value of the property stolen" as required by section 29-2026.01, R. S. Supp., 1965.

On April 20, 1967, the defendant moved for an order discharging him from custody. This motion was overruled.

On April 28, 1967, the trial court, on its own motion, set aside the verdict and ordered that the defendant be tried again. The defendant then perfected an appeal to this court.

In a majority of states the verdict returned in this

case would be sufficient. See Annotation, 79 A. L. R. 1180. However, the rule in this state has been that a verdict in a larceny case, which does not determine the value of the property stolen will not support a sentence. Lee v. State, 103 Neb. 87, 170 N. W. 359. We have held that such a verdict confers no authority upon the trial court to enter a judgment or sentence. McCoy v. State, 22 Neb. 418, 35 N. W. 202.

The defendant's theory is that the trial court had no authority to set aside the verdict on its own motion and order a new trial; that the verdict had the effect of an acquittal; and that the defendant is entitled to be discharged because he cannot "be twice put in jeopardy for the same offense." Art. I, § 12, Constitution of Nebraska.

In a similar case the Supreme Court of Iowa held that such a verdict is the equivalent of a mistrial, and that the trial court may set aside the verdict on its own motion and order a new trial. In State v. Redman, 17 Iowa 329, the court said: "And we understand the settled doctrine to be, that where the verdict is a *nullity* (or so *defective* that no judgment can be rendered upon it), the defendant may again be put upon his trial, certainly where, the verdict was intended to be one of conviction, for in such case it is rather a *mistrial* than a legal putting in jeopardy. 1 Bish. Cr. Law, § 673. * * * From these cases, and from a general examination of the authorities, we feel safe in laying down this general rule: *that where the verdict, especially if intended to be a verdict of guilty, is so defective and uncertain that the court does not know for what offense to pass judgment, it may be set aside by the court, even against the defendant's objection, and the proceeding is no bar to another trial.* This is good sense. The defendant, in the case before us, has never been acquitted. The jury did not intend to acquit him. They expressly found him guilty. If the court had pronounced judgment against him, and he had appealed to the appellate court, under

the authorities above referred to, it would not have discharged him, but remanded him for a new trial. It has never been adjudged that, in such a case, he could successfully plead once in jeopardy. The course taken below amounts to the same thing; and is, as we have shown, well warranted by the authorities."

The verdict in this case was the equivalent of a mistrial. It was within the authority and discretion of the trial court to set aside the verdict and order a new trial. The motion to discharge was properly overruled. The judgment of the district court is affirmed.

AFFIRMED.