STATE OF NEBRASKA, APPELLEE, v. LEONARD WYMER WALLE, JR., APPELLANT.

156 N. W. 2d 810

Filed March 1, 1968. No. 36631.

Adolph Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

Leonard Wymer Walle, Jr., was convicted of second degree murder and sentenced to life imprisonment. His motion for new trial was overruled and he has appealed.

The record shows that Marilyn April Walle, the defendant's wife, was shot to death in their apartment in the Hamilton Hotel in Omaha, Nebraska, on September 1, 1966. Mrs. Walle was a dancer employed at the Roam Inn. She had given two performances on the evening preceding the murder and had returned to the hotel with the defendant at about 1:40 a.m.

Leona Forsberg, an employee of the Roam Inn and

a friend of the deceased, testified that the defendant called her at about 3 a.m. on September 1, 1966, and asked her to come to the hotel. When she arrived at the hotel, the defendant told her that his wife was dead; that " 'I shot her' "; and that " '* * * it wasn't one shot; it was lots and lots of shots.' " Miss Forsberg then called the police and the defendant was arrested.

The defendant denied that he had shot his wife, but offered no explanation for the murder other than it must have occurred while he was absent from the apartment, for about 5 minutes, or while he was bathing. The jury had the right to accept the testimony of Miss Forsberg and reject that of the defendant. The evidence sustains the verdict.

The State produced photographs of the deceased taken at the hotel and at the county morgue, six of which were received in evidence over the objection of the defendant. Later, one photograph was withdrawn. The admission of the five exhibits is assigned as error.

Malice and a purpose to kill are essential elements of murder in the second degree. § 28-402, R. R. S. 1943; State v. Marion, 174 Neb. 698, 119 N. W. 2d 164. The burden was upon the State to prove both of these elements beyond a reasonable doubt.

A photograph of a homicide victim which tends to illustrate a controverted issue is admissible where there is proper foundational evidence. Washington v. State, 160 Neb. 385, 70 N. W. 2d 378.

The evidence shows that eight bullets entered the body of the deceased causing eight primary entrance wounds, seven primary exit wounds, and four secondary entrance wounds. The hotel photographs served to illustrate testimony concerning the scene of the crime. The pathologist used the morgue photographs to illustrate his testimony, and this enabled the jury to visualize the wounds. The photographs were relevant and material to the issues concerning the cause and manner of death of the victim and were properly admitted.

The defendant's other assignment of error relates to the ruling on a pretrial motion for necessary aids to defense. The motion was made and overruled just before the trial commenced.

The defendant was represented by the public defender at the preliminary hearing and at his arraignment in district court. On January 17, 1967, the defendant filed a motion requesting appointment of defense counsel from outside the public defender's office. This motion was overruled on January 19, 1967.

On January 30, 1967, the defendant, in open court, elected to defend himself, and the public defender was appointed as his "technical adviser." This was within the discretion of the trial court. People v. Mattson, 51 Cal. 2d 777, 336 P. 2d 937. At this hearing the defendant inquired as to whether he would have access "to any kind of court rules on courtroom procedure and to any books." The trial court explained that the public defender would supply advice of a technical nature to the defendant upon his request. The case was then set for trial on February 14, 1967.

On February 14, 1967, there was a further hearing in chambers before the trial began. The defendant made an oral motion that he be granted a private cell for purposes of research and study; that he have access to a typewriter, carbon paper, and legal pads; and that he receive a transcript of all testimony for each and every court session by the day. This motion was overruled but the court requested that the sheriff place the defendant in a private cell if one was available. The court also directed the public defender, as technical adviser to the defendant, to supply the other things requested to the best of his ability.

The defendant argues that an indigent defendant is entitled to collateral aids in addition to trial counsel. He cites cases which hold that an indigent defendant is entitled to the services of an expert witness, such as a handwriting expert or a phychiatrist.

We think the trial court adopted the best solution possible for the problems that were presented in this case. The services of the public defender, as a technical adviser, are of much greater value to a defendant untrained in the law than access to a fully equipped law library.

Ordinarily, a daily transcript of testimony is not available to either party. Where no special arrangements have been made and such a transcript is not available to the State, the trial court is not required to furnish such a transcript to the defendant at the expense of the county.

The judgment of the district court is affirmed.

AFFIRMED.