STATE OF NEBRASKA, APPELLEE, V. HERBERT BEASLEY,
APPELLANT.

163 N. W. 2d 783

Filed January 10, 1969.   No. 36914.

William J. Riedmann, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph
H. Gillan, for appellee.

(681)

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

BOSLAUGH, J.

The defendant, Herbert Beasley, was convicted of robbery and sentenced to 10 years imprisonment. His motion for new trial was overruled and he, has appealed. The principal assignments of error relate to the sufficiency of the evidence and the action of the trial court in permitting the defendant to represent himself.

There is evidence from which the jury could find that the defendant robbed the King Loan Company in Omaha, Nebraska, on October 11, 1967. The robbery took place at about 9:30 a.m. while the secretary-cashier of the loan company was alone in the office. She had just counted the cash and prepared a cashier's statement when the, defendant entered the office. The defendant held a gun on the secretary-cashier and obtained one 50-dollar bill, four 20-dollar bills; 29 ten-dollar bills, 23 five-dollar bills, 27 one-dollar bills, 22 quarters, 28 dimes, 70 nickels, and 50 pennies. As the defendant left the office he met the manager and assistant manager who were returning to the office. The robbery was then reported to the police.

From the loan company the defendant went to a used car lot about 2 blocks away. There the defendant asked to try out a car. After the defendant and the used-car dealer drove around several blocks the defendant asked to be taken to the downtown area so that he could see about getting money from a bank. On the trip downtown a report of the robbery was heard on the car radio. The defendant gave the dealer a five-dollar bill for his time and got out of the car at Twentieth and Harney Streets. The dealer recognized the defendant from the description broadcast over the radio, and notified the police.

The defendant was arrested in front of the bus station at Eighteenth and Farnam Streets at about 10:15 a.m. The officer made a quick search for weapons and dis-

covered that a large bulge in the defendant's right front pocket was a roll of 27 one-dollar bills. The defendant was then taken to the police station and searched and found to have one 50-dollar bill, four 20-dollar bills, 29 ten-dollar bills, 22 five-dollar bills, 27 one-dollar bills, 23 quarters, 27 dimes, 70 nickels, and 49 pennies in his possession.

The defendant was positively identified by the secretary-cashier of the loan company, the assistant manager of the loan company, and the used-car dealer. The evidence is clearly sufficient to sustain the judgment.

An assistant public defender appeared for the defendant at the preliminary hearing in the municipal court. In the district court the defendant refused the assistance of counsel and insisted that he be allowed to represent himself.

The Constitution and statutes of Nebraska provide that an accused may defend himself. Art. I, § 11, Constitution of Nebraska; § 7-110, R. R. S. 1943. It is generally recognized that in the absence of unusual circumstances a defendant in a criminal case who is sui juris and mentally competent has the right to conduct his defense in person without the assistance of counsel. State v. Thomlinson, 78 S. D. 235, 100 N. W. 2d 121, 77 A. L. R. 2d 1229.

In this case the trial court permitted the defendant to represent himself but required an assistant public defender to be present in the courtroom as an advisor to the defendant. This practice was approved in State v. Walle, 182 Neb. 642, 156 N. W. 2d 810.

The defendant now contends that the trial court was in error in permitting the defendant to defend himself because he was not mentally competent. At the time of sentencing, the defendant admitted that he had been confined in a state hospital in Ohio but stated that he had received no treatment there and had volunteered to go there as a "TV man." There is no other evidence of mental incompetence. The record as a whole at this

time does not show that the defendant was mentally incompetent to refuse the assistance of counsel.

The defendant has been convicted of five felonies and has had some acquaintance with court procedure. The trial court did everything possible in an effort to persuade the defendant to accept the assistance of counsel. Upon the present state of the record there is no basis to conclude that the trial court should have forced counsel upon the defendant.

The defendant claims that he was prejudiced by the fact that some members of the jury may have been in the courtroom at the time of arraignment and might have been prejudiced by something that was said at that time. The defendant insisted upon being tried to a jury selected from the current panel and refused the suggestion of the trial court that the trial be continued until a new panel had been called. The record does not contain the voir dire examination of the jurors and there is nothing in the record upon which the defendant can base a claim of prejudice at this time. See Kitts v. State, 153 Neb. 784, 46 N. W. 2d 158. Opportunity for prejudice or disqualification of jurors does not raise a presumption that they exist. Medley v. State, 156 Neb. 25, 54 N. W. 2d 233.

At the time of the robery the defendant was carrying a fiber or cardboard suitcase which he placed in a locker at the bus station before his arrest. His motion to suppress the suitcase was sustained. The defendant now complains that the witnesses for the State should not have been allowed to mention the suitcase in their testimony. The testimony by the employees of the loan company and the used-car dealer concerning the suitcase carried by the defendant was entirely separate from the later seizure and search by the police. See Aiuppa v. United States, 393 F. 2d 597. The defendant's complaint is without merit.

After the robbery, the secretary-cashier of the loan company was taken to the police station where she identified a photograph of the defendant. The defendant now

claims that this procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See Simmons v. United States, 390 U. S. 377, 88 S. Ct. 967, 19 L. E. 2d 1247.

The secretary-cashier of the loan company observed the defendant at the loan company for 10 or 15 minutes. She positively identified the defendant at the trial and testified that the identification was based upon her observation of him at the loan company. We think that the procedure in this case, did not result in any prejudice to the defendant.

The defendant contends that his arrest was illegal. A peace officer may now arrest a person without a warrant if he has reasonable cause to believe that such person has committed a felony. § 29-404.02, R. S. Supp., 1967. The arresting officer in this case was advised that a robbery had taken place; he had been given a description of the robber; and he had been advised that the robber was in the downtown area. The defendant fitted the description given to the arresting officer, and the officer was justified in asking the defendant to submit to identification. In conducting a limited search for weapons, the officer discovered that the defendant was carrying a large amount of currency. The evidence shows probable cause for the arrest. The defendant's contention is without merit.

It is unnecessary to consider the other matters discussed in the defendant's brief. The judgment of the district court is affirmed.

AFFIRMED.