STATE OF NEBRASKA, APPELLEE, v. HERBERT BEASLEY, APPELLANT.

171 N. W. 2d 177

Filed October 10, 1969. No. 37193.

William J. Riedmann, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and sentenced to 10 years imprisonment. The judgment was affirmed in State v. Beasley, 183 Neb. 681, 163 N. W. 2d 783.

The defendant then filed a motion for new trial alleging that newly discovered evidence disclosed that the defendant did not have sufficient mental capacity to

waive his right to counsel. The motion was overruled and the defendant has appealed.

The defendant was represented by the public defender at the preliminary hearing in municipal court. At the arraignment in district court the defendant refused to accept the appointment of counsel and insisted upon defending himself. The trial court required an assistant public defender to be present in the courtroom as an advisor to the defendant.

Upon the first appeal the defendant alleged that the trial court had erred in allowing the defendant to represent himself when the evidence indicated his lack of capacity to do so. We held that the record as a whole, at that time, did not show that the defendant was mentally incompetent to refuse the assistance of counsel.

The record now contains additional evidence consisting of the testimony of Dr. Chester Farrell, a psychiatrist appointed by the trial court to make an examination of the defendant, and records relating to the hospitalization of the defendant while he was imprisoned in the Ohio State Penitentiary.

The defendant was sentenced to the Ohio State Penitentiary for burglary in 1964. On April 29, 1965, he was admitted to the Lima State Hospital. The diagnosis made was: Schizophrenic reaction, simple type. In October he was assigned to work in the hospital television repair shop. On March 18, 1966, the defendant was discharged as without psychosis and returned to the Ohio State Penitentiary. There is no evidence that the defendant has been hospitalized since 1966.

The defendant was released from the Indiana State Penitentiary on October 9, 1967, and arrested in Omaha 2 days later for the robbery of the King Loan Company.

The defendant was examined by Dr. Farrell on August 22, 1968, approximately 8 months after the trial on the robbery charge. Dr. Farrell testified that the defendant was in a pretty good state of remission at the time of the examination and that he thought that the defend-

ant knew right from wrong in October 1967. Dr. Farrell was of the opinion that when the defendant is under stress he has a disassociation of his personality which renders him incapable of critical judgment and reasoning ability and normal functioning. When under stress the defendant becomes schizophrenic for a time and goes in and out of a psychotic state. Dr. Farrell testified that he thought the defendant was in a psychotic state at the time he refused the assistance of counsel and at the time of the trial.

If Dr. Farrell's testimony were to be accepted as controlling, it would require that the judgment be reversed and the cause remanded for a new trial. A waiver of the right to counsel must be made competently and intelligently. Westbrook v. Arizona, 384 U. S. 150, 86 S. Ct. 1320, 16 L. Ed. 2d 429. An accused who is not mentally competent has no right to conduct his own defense without the assistance of counsel.

The fundamental weakness in Dr. Farrell's testimony lies in the fact that his opinion relates to the condition of defendant 8 months previous to the examination. Except for Dr. Farrell's testimony there is no evidence that the defendant was incompetent at the time he refused counsel and at the time of the trial. Dr. Farrel assumed that the defendant must have been functioning well at the time of his release, 2 days before the Omaha robbery.

Dr. Farrell characterized the defendant's refusal of the assistance of counsel as a gross error in judgment. That is probably true, but the same can be said in most cases where the defendant insists upon representing himself. Dr. Farrell also relied upon the defendant's closing statement to the jury as evidence of psychotic behavior. The closing statement must be considered in the light of the conclusive nature of the evidence against the defendant and the absence of any substantial evidence in his favor.

The determination of the question presented in this

case must be made upon the entire record and consideration be given to these facts. The defendant when examined at the Lima State Hospital was found to be of average intelligence. He was discharged from the hospital in 1966 as without psychosis. There is no evidence that he has required hospitalization since 1966. When examined in 1968 he was in a pretty good state of remission.

The defendant has a lengthy criminal record. He has been imprisoned in Minnesota, Indiana, and Ohio. Although untrained in the law, he is no stranger to the courtroom.

The police obtained the defendant's suitcase from a storage locker. The defendant was successful in obtaining an order suppressing the suitcase as evidence. During the trial the defendant was warned that if he pursued a line of questioning he would make the suitcase admissible. He accepted the advice and was successful in keeping the suitcase out of evidence.

The defendant was apprehended in Omaha within 45 minutes of the time the robbery occurred. The stolen money was found in his possession and he was identified by three witnesses. He was faced with a nearly conclusive case against him. Apparently, he felt that there was a chance of acquittal if the trial was held just before Christmas. Under these circumstances it was not unusual for the defendant's closing statement to be very brief.

The defendant was sentenced on January 3, 1968. On January 15, 1968, he filed a notice of appeal and a motion for the appointment of counsel to prosecute the appeal.

Upon review and consideration of the entire record, including the evidence offered in support of the motion for new trial for newly discovered evidence, we conclude that the district court was not in error in permitting the defendant to defend himself.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH and McCOWN, JJ., dissenting.

Beasley's history of schizophrenia must have been known to the prosecution when Beasley rejected further assistance of counsel. At that time defense counsel advised the court, Judge O'Brien presiding, of the need for a mental examination. The advice fell on deaf ears.

There is no presumption of waiver of the constitutional right to counsel, and acceptance of such a waiver ought to be preceded by careful inquiry. Westbrook v. Arizona, 384 U. S. 150, 86 S. Ct. 1320, 16 L. Ed. 2d 429 (1966); Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357 (1938); A. B. A. Standards Relating to Providing Defense Services, § 7.2, p. 62 (1958). The difficulty in a retrospective determination of capacity based on a belated mental examination was noted in Pate v. Robinson, 383 U. S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966).

The majority opinion blinks at the neglect of inquiry when inquiry would have been fruitful. The record convinces us that Beasley's constitutional right to counsel was violated.