STATE OF NEBRASKA, APPELLEE, v. EDDIE ADDISON, APPELLANT.

251 N. W. 2d 895

Filed March 30, 1977. No. 40970.

Eddie Addison, pro se.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant was convicted in the District Court for Sheridan County, Nebraska, of failure to appear as ordered by the District Court to answer a charge of uttering a forged instrument and not surrendering himself within 3 days thereafter. The charge is a felony. In the same information the defendant was charged with being an habitual criminal. After a jury trial the defendant was convicted and, at a separate hearing, was found to be an habitual criminal. The court sentenced the defendant to a term of 10 years. Defendant appeals.

The defendant appears pro se in this court and assigns as error the following: (1) The District Court erred in not determining the defendant's competence to waive counsel; (2) the court erred in disclosing the habitual criminal charge to the jury; and (3) the habitual criminal statute is unconstitutional.

The defendant was arraigned on January 28, 1976, in the District Court. Because the defendant was not represented by counsel, the trial judge asked him whether he wished to be represented by the public defender. The defendant refused the offer. At that time a motion to withdraw as attorney for the defendant was filed by the public defender and such motion was joined by the defendant. The court held that the law did not permit the defendant to choose what counsel would represent him at public expense and that the public defender, Charles Plantz, not being disqualified, should be appointed to represent the defendant. Following a request by the defendant for time to hire his own counsel, the court continued the matter until February 11, 1976. On that day the defendant again appeared in court and advised the court that he had not secured the services of an attorney. He requested the matter be set for trial and

stated that he would secure the services of an attorney before the date set. The court then again advised the defendant of the prior proceedings and of his option to proceed either without an attorney or with the public defender as his attorney. The defendant refused the appointment of the public defender and informed the court that, if necessary, he would conduct his own defense. The defendant was then arraigned and plead not guilty.

At the pretrial conference held on March 10, 1976, the prior proceedings were again reviewed by the court. The defendant stated that he did not have an attorney, however, he expected to retain one of two possible attorneys. The court again inquired whether the defendant wished to have an attorney appointed for him and the defendant stated that he did not. The trial date of March 29, 1976, was set.

On March 29, 1976, immediately before the selection of the jury, the court again reviewed the prior proceedings with the defendant and again asked the defendant if he wished to have the public defender represent him. The defendant was told that he had the right to counsel, but that the court would appoint the public defender only. The defendant again told the court that he was still trying to get an attorney and that he did not wish to have the public defender represent him or to sit with him at the counsel table. The court further advised the defendant that the public defender would be present throughout the trial to assist the defendant if and when the defendant desired such assistance. After selection of the jury, the trial was continued to the next day. On March 30, 1976, the court inquired of the defendant whether he wished to have the public defender sit with him at the counsel table and advise him should he request it during the course of the trial. The defendant agreed. Throughout the trial and at every recess the court continued to advise the defendant of his right to have the public defender appointed.

The defendant nonetheless conducted his own defense. After the return of the guilty verdict, the trial court again inquired of the defendant whether he wished the public defender to represent him. The same inquiry was made before the argument for new trial, the hearing on the habitual criminal charge, and the sentencing. Each time the defendant refused. The public defender, at all times, was present and available for advice should the defendant have wished to consult him.

Section 29-1805.10, R. R. S. 1943, provides in part: "* * * but appointments of counsel other than the public defender shall be limited to situations in which there are multiple defendants requiring separate representation, or where other exigent circumstances are present which in the opinion of the court require appointment of other than the public defender." The record is silent as to any justification for the defendant's objection to the public defender other than suggesting only that it was the defendant's impression that the public defender was not favorably disposed to the defendant. The trial court in view of the complete absence of showing of any reason to appoint outside counsel was compelled to abide by the plain dictate of the statute. There is no error in failing to assign other counsel. Records of the arraignment and the preliminary hearing are not shown in the bill of exceptions. What transpired there is reflected in the court's journal which the parties do not dispute. In State v. Morford, 192 Neb. 412, 222 N. W. 2d 117 (1974), we said: "We conclude that a journal entry of an arraigning court stating that a defendant has waived counsel will support such a finding on appeal in the absence of proof that the journal entry is incorrect." The proceedings had before trial are not before us. The journal, however, does state in some detail the dialogue between the court and the defendant. The bill of exceptions discloses that at trial essentially the same

message was repeatedly given the defendant.

At the conclusion of the case and before sentence, for reasons that are not disclosed in the record, the trial court ordered a mental examination of the defendant. Results of the mental examination were not introduced in evidence and are not before us in the bill of exceptions. There is no contention that the defendant was incompetent at the time of the trial but apparently, because of the examination, he concludes that he was not competent to waive counsel. The defendant also argues that the trial court was under some independent duty to hold a separate and distinct hearing before the court could find that the waiver of counsel was made competently, intelligently, and understandingly.

The defendant had the right to proceed without counsel. The record establishes that after being advised of this right on numerous occasions, he chose not to be represented. If he so elects, after being fully advised of his rights, the court may accept his decision if it has determined that the waiver was competently and intelligently made. See, State v. McGhee, 184 Neb. 352, 167 N. W. 2d 765 (1969); State v. Beasley, 184 Neb. 649, 171 N. W. 2d 177 (1969). There is no evidence in the record which supports a conclusion that the defendant was not mentally competent when he waived counsel. Without such evidence, a judge is under no obligation to order a mental examination or to hold a hearing to determine mental capacity.

The second assignment of error is based upon a newspaper which was marked as an exhibit in the case but not offered or received as evidence. On the back page under "Court news" this appears: "State of Nebraska vs. Eddie Addison, habitual criminal, willful failure to appear, filed 1-21-76." Due to that entry the defendant alleges that the statutory injunction against revealing to a jury the habitual criminal charge was violated by the District

Court. Nothing in the record supports this contention. There is no evidence that the jury knew of the habitual criminal charge or that section 29-2221, R. R. S. 1943, was violated. The assignment is without merit.

The third assignment of error is that the habitual criminal statute is unconstitutional. This court has previously discussed, considered, and rejected this contention. The defendant's assignment is without merit. See, State v. Fowler, 193 Neb. 420, 227 N. W. 2d 589 (1975); State v. Losieau, 184 Neb. 178, 166 N. W. 2d 406 (1969); State v. Huffman, 181 Neb. 356, 148 N. W. 2d 321 (1967).

The judgment and sentence of the trial court are affirmed.

AFFIRMED.

WHITE, C. J., not participating.