STATE OF NEBRASKA, APPELLEE, v. EDDIE ADDISON, ALSO KNOWN AS EDISON CLOWN HORSE, APPELLANT.

253 N. W. 2d 165

Filed May 4, 1977. No. 41000.

Judy L. Raetz, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from a judgment of the District Court for Dawes County, Nebraska, convicting Eddie Addison, also known as Edison Clown Horse, of the offense of failing to appear for a preliminary hearing. Appellant's motion to quash the venire was overruled. This ruling is the only error assigned. We affirm the judgment of the trial court.

Appellant makes the broad claim that the operation of the statutory key-number system by which the names of prospective jurors are drawn by lot from voter registration lists produces a systematic

exclusion of Indians, and is thus unconstitutional. This claim rests upon two exhibits, No. 1 being a list of the registered voters of Dawes County; and No. 2 being an extract from the 1970 census showing the population of Dawes County to be 9,693 of whom 132 were Indians. Appellant claims that only 22 of the names on the voter registration list indicate Indian descent. We have held that examination of names on a voting list for indications of ethnic origin is not alone a valid method of determining the ratios of ethnic representation upon such lists. State v. Casados, 188 Neb. 91, 195 N. W. 2d 210.

Appellant cites Taylor v. Louisiana, 419 U. S. 522, 95 S. Ct. 692, 42 L. Ed. 2d 690, as a controlling precedent. There, the court held that a statutory system for the selection of jurors was invalid because it contained a provision excluding all women from such selection, except only those who filed written declarations of their desire to be subject to such service. The Nebraska statute does not authorize the exclusion of any class from the jury list; the only exclusion is of persons found individually not to have the qualifications of jurors, and the jury commissioner is required to record all names so stricken, such list being subject to inspection by the court and by the attorneys of record. § 25-1629, R. R. S. 1943. The Nebraska system is clearly outside the ambit of Taylor v. Louisiana, *supra*.

Appellant makes no claim that there was any kind of irregularity in the proceedings for the selection of the jury panel from which the trial jury was drawn.

We have previously held that the Nebraska key-number system for the selection of jurors from voter registration lists is constitutionally permissible. State v. Gutierrez, 187 Neb. 383, 191 N. W. 2d 164; State v. Casados, *supra;* State v. Wright, 196 Neb. 377, 243 N. W. 2d 66. No reason has been shown in law or in fact for departure from these precedents.

The judgment of the trial court in overruling the

motion to quash the venire is correct and is affirmed.

AFFIRMED.

WHITE, C. J., not participating.