EDDIE ADDISON, APPELLANT, V.
ROBERT PARRATT, WARDEN, NEBRASKA PENAL AND
CORRECTIONAL COMPLEX, APPELLEE.

303 N.W.2d 785

Filed March 27, 1981.   No. 43611.

Eddie Addison, pro se.

Paul L. Douglas, Attorney General, and Shanler D. Cronk for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This appeal consists of four different post conviction relief cases filed under the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979), which, at the request of the defendant, were consolidated for trial in the District Court. The defendant, Eddie Addison, also known as Edison Clown Horse, who appeared pro se, has appealed the July 15, 1980, order of the trial court granting him post conviction relief in the one case and denying it in the other three.

The one case in which relief was granted was a sentence imposed by the District Court for Sheridan County for a term of 1 year in the Nebraska Penal and Correctional Complex, with credit being given for 102 days' prior jail time served by the defendant. Two of the cases in which relief was denied originated out of the District Court for Sheridan County, and the other one came from Dawes County. In all three of these cases the defendant was found to be an habitual criminal under the provisions of Neb. Rev. Stat. §§ 29-2221 and 29-2222 (Reissue 1979), and was sentenced to terms

of 10 years to run concurrently with each other but consecutively to the 1-year sentence case. The direct appeals in each of these cases may be found respectively at: 196 Neb. 768, 246 N.W.2d 213 (1976); 197 Neb. 482, 249 N.W.2d 746 (1977); 198 Neb. 166, 251 N.W.2d 895 (1977); and 198 Neb. 442, 253 N.W.2d 165 (1977).

Although the defendant does not assign any errors as such in his brief, it may be gathered from the argument portion that he complains of the following: (1) He should not have been awarded a new trial in the first case because he has already served more time than that for which he was sentenced; (2) That the habitual criminal statutes previously cited are void under the fifth amendment of the United States Constitution as having subjected him to double jeopardy; (3) That the findings that he was an habitual criminal were based upon pleas of guilty which were not voluntarily and knowingly made; and (4) That he was not given full credit for time spent in jail. We affirm the action of the District Court.

Most of the evidence presented by the defendant at the consolidated hearing had to do with defendant's claim of ineffective assistance of counsel. It was on the basis of that claim that the trial judge granted relief in the one case by ordering a new trial. Section 29-3001 provides in part as follows: "If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or *grant a new trial* as may appear appropriate." (Emphasis supplied.) Even though it will be necessary to apply any time already served on this vacated sentence, in the event of a conviction on a retrial, he is not entitled to be insulated from prosecution on the now pending charge. If the defendant has committed the crime the State is entitled to seek his prosecution and conviction. The

proper crediting of any time served to date may be taken up in an appropriate proceeding. The trial court having determined that his conviction was void and having set the same aside, the defendant is not twice put in jeopardy for the same offense by being subjected to a retrial. *State v. Houp*, 182 Neb. 298, 154 N.W.2d 465 (1967); *Houp v. State of Nebraska*, 427 F.2d 254 (8th Cir. 1970), *cert. denied* 401 U.S. 924, 91 S. Ct. 887, 27 L. Ed. 2d 827. See, also, *Day v. State*, 76 Wis. 2d 588, 251 N.W. 2d 811 (1977); *United States v. Ball*, 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896); *United States v. Dinitz*, 424 U.S. 600, 96 S. Ct. 1075, 47 L. Ed. 2d 267 (1976).

Contrary to the defendant's contention, an enhanced sentence under the provisions of the habitual criminal laws is not a new jeopardy or additional penalty for the same crime. It is simply a stiffened penalty for the latest crime which is considered to be an aggravated offense because it is a repetitive one. *Gryger v. Burke*, 334 U.S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948). See, also, *Poppe v. State*, 155 Neb. 527, 52 N.W.2d 422 (1952), as holding generally that statutes which provide for enhanced penalties because of repetitive offenses are not violative of the Constitution.

One of the prior felonies used to enhance the sentence in these cases was *State v. Edison Clown Horse*, found as case No. 17321 in the District Court for Scotts Bluff County. Defendant in that case, who was identified as the same person as Eddie Addison, was sentenced on February 11, 1963, to 3 years for the felony offense of possessing a forged instrument. A certified copy of the journal entry recited that the defendant, although present without counsel, was advised of his right to counsel, his right to jury trial, and of the possible consequences of a guilty plea. The trial court further found that he waived his right to counsel and freely and voluntarily entered his plea of guilty. Another prior conviction utilized was found in the case of *State v. Edison Clown Horse*, case No. C-1181, District Court for Sheridan County, wherein the defendant was sen-

tenced on March 13, 1967, to a term of 2 years in the Nebraska Penal and Correctional Complex. Again, the record reveals that the defendant appeared without counsel, but he was advised of his right to have counsel and his right to a jury trial. The court determined that the defendant had not been induced or persuaded to enter a plea against his will and, with the consent of the court, tendered a plea of nolo contendere. The other conviction used in all three cases involving habitual criminal charges was one entitled *State of South Dakota v. Eddie Addison, also known as Edison Clown Horse*, case No. 4479, Circuit Court of Pennington County, South Dakota. In that case, the defendant was sentenced to a term of 4 years in the South Dakota State Penitentiary. The amended judgment indicates that defendant had been represented by counsel and, after having been tried by a fair and impartial jury, was found guilty of third degree forgery. Defendant's contention that his previous convictions were in any way tainted is wholly refuted by the record.

The only suggestion that any jail time was not credited to the defendant consisted of a pair of letters between the Department of Correctional Services and the Sheridan County attorney. No conclusion can be drawn from that exchange of correspondence which would refute the positive determination made by the trial court that proper credit was given for all appropriate time served. However, in any event, the decision to grant credit for jail time rests in the sound discretion of the sentencing judge. "(1) Credit against the maximum term and any minimum term *may be given* to an offender for time spent in custody as a result of the criminal charge . . . ." (Emphasis supplied.) Neb. Rev. Stat. § 83-1,106 (Reissue 1976).

We conclude that the action taken by the District Court was proper in all respects, is supported by the record, and its order is affirmed.

AFFIRMED.