REQUESTED BY: Senator Rex Haberman Member of the Legislature State Capitol Building, Room 1114 Lincoln, Nebraska 68509
Dear Senator Haberman:
You have requested that we review LB 5 with respect to any portions of that bill which we might find constitutionally suspect. We believe the penalty provisions of LB 5, as they affect § 28-1205 and § 29-2221 of our statutes, raise constitutional questions.
1. Our initial concern is that § 1 of of LB 5 amends 28-1205
to provide an enhanced penalty for a third offense under § 28-1205 of 30 to 50 years imprisonment. At the same time § 2 of LB 5 amends § 29-2221 to provide an enhanced punishment for a third or subsequent offense under § 28-1205
of life imprisonment without parole. In our opinion establishing two distinct penalties for exactly the same offense (third offense use of a firearm in the commission of a felony) renders the more severe of the two penalties suspect under federal and state constitutional prohibitions of cruel and unusual punishment.
Section 29-2221 presently is available to enhance the punishment of persons convicted of 3 or more felony offenses. The concept which underlies `habitual criminal' statutes has been stated as follows:
 An enhanced sentence under the provisions of the habitual criminal laws is not a new jeopardy or additional penalty for the same crime. It is simply a stiffened penalty for the latest crime which is considered to be an aggravated offense because it is a repetitive one. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.ED. 1683 (1948). See, also, Poppe v. State, 155 Neb. 527, 52 N.W.2d 422 (1952), as holding generally that statutes which provide for enhanced penalties because of repetitive offenses are not violative of the Constitution.
Addison v. Parratt, 208 Neb. 459, 462, 303 N.W.2d 785
(1981), (Emphasis added).
The Legislature has the power and responsibility of defining crimes and misdemeanors and fixing their punishment.State ex rel. Nelson v. Smith, 114 Neb. 653, 209 N.W. 328
(1926). However, concepts of constitutional prohibitions against cruel and unusual punishment include questions of whether a specific penalty provided by statute is proportional to the offense for which the criminal defendant is convicted.
 Although constitutional prohibition against cruel and unusual punishment is primarily aimed at the kind of punishment imposed rather than the length, when the duration of a sentence is greatly disproportionate to the offense committed it may constitute cruel and unusual punishment.
Hanson v. State, 48 Wis.2d 203, 179 N.W.2d 909, 911
(1970).
In evaluating whether a particular punishment goes beyond constitutionally acceptable parameters, one may properly compare the nature of the offense and the penalty proposed for its commission with other offenses and their respective penalties. People v. Lorentzen, 387 Mich. 167,194 N.W.2d 827 (1972).
In this instance LB 5 proposes two distinct penalties for the same number of repetitions of the same offense. We fail to perceive, and LB 5 presently does not enlighten us, as to the reason which compels that a third offense under 28-1205
is deemed worthy of 30 to 50 years imprisonment while under § 29-2221 it is punished by life without parole. In the absence of some rational basis for this distinction, we must conclude the penalty proposed by LB 5 under 29-2221
would constitute cruel and unusual punishment and thus violate both the federal and state constitutions.
Courts generally afford the Legislature considerable deference in the fixing of penalties for criminal offenses. We believe the potential problem with LB 5 discussed above could be remedied (1) by eliminating the amendment to 29-2221
in LB 5 and providing enhanced punishments for repeated offenses of § 28-1205 as presently proposed, (2) by eliminating the third offense penalty under § 28-1205 and relying upon the LB 5 amendment to § 29-2221 to enhance penalties for third or subsequent offenses, or (3) by attaching the presently proposed penalty provisions of § 29-2221 to fourth or subsequent offenses under § 28-1205 instead of third offenses as LB 5 presently provides.
2. We also question whether the provisions of LB 5 which provide for an enhanced penalty of life imprisonment without parole for use of a firearm in the commission of a felony can pass the proportional punishment test of a cruel and unusual punishment analysis when compared to other existing criminal penalties. With the exception of the penalty of death available under Neb.Rev.Stat. § 28-105
(Reissue 1979), for a Class I felony, no other criminal act has been determined by the Legislature to merit a punishment of life imprisonment without parole, e.g., murder in the first degree (possible life imprisonment), murder in the second degree (10 years to life), manslaughter (1 to 20 years), being found to be an habitual criminal (10 to 60 years). If the Legislature perceives some reason to punish a third or subsequent violation of § 28-1205 under 29-2221, more severely than the offenses noted above, we believe some expression of legislative intent in that regard would be necessary to save the enactment from constitutional infirmity.
Yours truly, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General