STATE OF NEBRASKA, APPELLEE, v. DALE T. KIRBY, APPELLANT.

191 N. W. 2d 162

Filed October 29, 1971. No. 37969.

E. Dean Hascall, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A jury found Dale T. Kirby guilty of embezzlement. On appeal he asserts insufficiency of evidence and failure of the court to grant his pretrial request for court appointed counsel.

The information charged Kirby with embezzlement of $6,000 on July 18, 1969, from Martha Badura. Kirby, a practicing lawyer, had been administrator of the estate of Ernestine Litwin, deceased. Martha desired to pay $6,000 on a mortgage foreclosure decree that covered land owned by Ernestine at her death. She issued Kirby a check drawn on the Ashton State Bank and payable to order of Kirby, "Admr.," subject to this direction: "For payment for house." Kirby delivered the check endorsed in blank to the Clarke Bank at Papillion for collection but not for deposit. After payment of the item a cashier's check was issued by the Clarke Bank to Kirby as an individual.

Conversion of the property is undisputed. Prior to arrest Kirby orally admitted to Martha his individual liability. In a civil action by her against him individually to recover the $6,000, he confessed judgment.

Kirby contends that the $6,000 belonged to the administrator, not Martha, and that he therefore converted none of her property. A jury could properly find as follows: Neither party intended that Kirby could properly commingle the $6,000 with estate assets, that distribution of the $6,000 was to be subject to the order of the county court.

Although Kirby's endorsement was effective, it did not relieve him of criminal liability. See U. C. C., § 3-405 (2). We do not decide whether he possessed the property under color of his office. It is enough that ownership was in Martha. See § 28-538, R. R. S. 1943.

On March 6, 1970, Kirby was admitted to bail and

arraigned for plea to the information in district court at Papillion. The court offered to appoint defense counsel at public expense. Kirby declined. He also expressed a desire that the earliest trial date be in the fall term.

On August 27, 1970, at the docket call the court set the case for trial on November 30. By the latter date no one had appeared as counsel for Kirby. He then for the first time moved the court to appoint defense counsel and to continue the case. He said, ". . . my attorney, Francis Casey, . . . had to go to the . . . Hospital, the exact day I don't remember, but recently he stated. He . . . is not physically capable." Kirby also said he had contacted three other lawyers, none of whom were in a position to go to trial on November 30. He concluded: "I would like counsel appointed in any event. And I need a continuation, not only for myself, but if counsel were appointed . . ., it would be almost blank for him to try the case on the same day."

The county attorney objected to the motion on several grounds: Martha Badura had arrived from Ashton, 150 miles distant. Casey had been present in the courthouse without informing the county attorney that he intended to represent Kirby. The court in overruling the motion pointed out that 38 veniremen were waiting. Kirby offered no excuse for the late date of his motion.

An accused is not free to manipulate his right to counsel for the purpose of obstructing orderly procedure or other phases of judicial administration. See United States ex rel. Baskerville v. Deegan, 428 F. 2d 714 (2d Cir., 1970).

Not every denial of a request by an accused for a continuance violates due process. The denial may honor due process, although a failure of evidence or a defense without counsel results. The answer must be found in the circumstances, particularly in the reasons presented at the time the request is denied. See Ungar v. Sarafite, 376 U. S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964).

Kirby's contentions are not well taken. The judgment is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.