STATE OF NEBRASKA, APPELLEE, v. KEITH JAY BRATTON, APPELLANT.

191 N. W. 2d 612

Filed November 19, 1971. No. 37866.

Frank B. Morrison, Stanley A. Krieger, and Keith Jay Bratton, for appellant.

Clarence A. M. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Keith Jay Bratton, was convicted of robbery and sentenced to an indeterminate term in the Nebraska Penal and Correctional Complex. His court-appointed counsel assigns as error the failure of the trial court to adequately advise defendant of his right to represent himself pro se. Defendant, pro se, additionally assigns as error: (1) That he did not waive a preliminary hearing in the municipal court; (2) that he was not allowed to call defense witnesses; (3) that he was not allowed to impeach a State's witness; (4) that the State purposely and illegally suborned perjury; (5) that the evidence is insufficient to sustain a conviction; and (6) that there were errors in the court's instructions to the jury. We consider first the assignment of error by defendant's court-appointed counsel.

The record as it pertains to defendant's request for appointment of counsel is as follows: On August 10, 1970, the defendant in a poverty affidavit sought "appointment of counsel to represent me and to advise me as to my rights under the law." The public defender was appointed. On August 21, 1970, the defendant, in a handwritten motion, stated inter alia that the defendant "will accept any lawyer appointed by this court, except the public defender office." On September 17, 1970, the day of the trial, previous to impaneling a jury, the court, out of the presence of the jury panel, considered defendant's motion for the appointment of sub-

stitute counsel. Defendant was present with Mr. Carey and Mr. Cullan of the public defender's staff. Defendant advised the court that he did not feel he would be adequately represented by the public defender's office, and stated: "Last Friday I was in the courtroom three times, and on the last occasion Judge—Judge Krell, I believe—*told me that I would be able to represent myself*. I did not have any desire to represent myself, but rather than going in with the Public Defender's Office, I so stated that I would do that, and he instructed the Public Defender, Mr. Cullan, to give me records that he, hisself, now hold, give me duplicate of these records, and Mr. Cullan, he was also instructed, the Public Defender's Office, to make available to me various law books and until this date, I have not received any law books or any assistance as to the method of going about defending myself although I really didn't wish to do it." (Emphasis supplied.)

In response to defendant's allegations, Mr. Carey stated that on the 11th day of September 1970, defendant appeared before Judge Hamilton and said that he wished to represent himself and to discharge the public defender's office, and an order was accordingly entered by Judge Hamilton and trial was set for September 14. On September 14, defendant requested that the public defender's office again be appointed to represent him. On this occasion Mr. Carey was directed to assist Mr. Cullan in defendant's defense, and trial was scheduled for September 17. Both Mr. Carey and Mr. Cullan participated in the trial.

There is general agreement that an indigent defendant is not entitled to select the counsel to be appointed for him. State v. Powell, 277 N. C. 672, 178 S. E. 2d 417 (1971). Neither can his right to counsel be manipulated so as to obstruct orderly procedure in the courts or to interfere with the fair administration of justice. United States ex rel. Baskerville v. Deegan, 428 F. 2d 714, (2d Cir., 1970).

The following language from State v. Fagerstrom, 286 Minn. 295, 176 N. W. 2d 261 (1970), is pertinent herein:. "However, the right of an indigent to have counsel does not give him the unbridled right to be represented by counsel of his own choosing. The court is obligated to furnish an indigent with a capable attorney, but he must accept the court's appointee. Although he may ask for a substitution, his request will be granted only if exceptional circumstances exist and the demand seems reasonable."

In order for a defendant to secure substitute court-appointed counsel, he must show good cause to the court for the removal of present counsel. This the defendant failed to do, as is fairly apparent from the recitals above. Many defendants on occasions become dissatisfied with court-appointed counsel but mere dissatisfaction is not grounds for removal of such counsel. When a defendant becomes dissatisfied with court-appointed counsel, his only alternative is to proceed pro se if he is competent to do so. Here, however, it is apparent that defendant wanted counsel, any counsel not a member of the public defender's office. Defendant was adequately informed that he had the right to proceed pro se. When he was given that right on September 11, he later changed his mind. If on September 17, the defendant did not want to proceed with the counsel provided, he had a right to discharge court-appointed counsel and to proceed pro se. He was required to make an unequivocal request to do so. This he did not do. There is no merit to this assignment.

Defendant's pro se assignments of error are equally frivolous. Assignments of error (1) and (6) are not even referred to or mentioned in any manner in defendant's argument. While the municipal court record is not a part of the transcript herein, defendant's own statement would indicate that a preliminary hearing was held.

As to assignment (6), the record indicates that the instructions were submitted to counsel for approval and

after suggested changes were made, the instructions were approved as amended.

On assignment (2), the record indicates that defendant's counsel filed an affidavit requesting process for certain defense witnesses, and the clerk of the district court was ordered to issue such process.

As to assignment (3), defendant testified at the trial, and his version of the affair was before the jury. His counsel did attempt to impeach the complaining witness. Credibility was definitely in issue, with the jury accepting the version of the complaining witness rather than that of the defendant. Assignment (4) is a conclusion which finds no support in the record, nor is there any merit to assignment (5).

Judgment affirmed.

AFFIRMED.