STATE OF NEBRASKA, APPELLEE, V. MICHAEL JOHN COLEMAN, APPELLANT.

208 N. W. 2d 690

Filed June 29, 1973. No. 38884.

Albert C. Walsh, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In this criminal prosecution of the defendant for burglary under section 28-533, R. R. S. 1943, the defendant

was convicted by the jury and sentenced by the court and now appeals, asserting an abuse of discretion by the trial court in failing to grant him a continuance, permitting the State to amend the information against the defendant, the admission into evidence of certain exhibits, and error in the instructions. We affirm the judgment and sentence of the trial court.

The defendant herein assigns as error the ruling of the District Court in denying his motion for a continuance to secure and give new substitute counsel time to prepare his defense. The record shows that Mr. Albert Walsh was appointed counsel for the defendant after a showing of indigency on May 17, 1972. Mr. Walsh is the same counsel who now presents and argues the appeal in this court. It shows that he was present and represented the defendant at a preliminary hearing on June 1, 1972, and that he continued to represent the defendant as his attorney right up to the trial date on October 30, 1972. The record reveals that Walsh successfully applied to the court for funds for a locksmith's service, successfully opposed a motion to consolidate the defendant's trial with a codefendant, appeared at the defendant's arraignment in which he pled not guilty, appeared and unsuccessfully resisted the filing of an amended information by the State, and otherwise thoroughly and completely represented the defendant in the preliminary stages before the trial. The record reveals that the trial court was diligent in according the defendant a right to a speedy trial within the 6-months' period provided by section 29-1207, R. S. Supp., 1972. Mr. Walsh and the defendant were advised to be ready for the trial at any time after September 25, 1972, because the court wanted the case to be tried within the required 6-month period. Trial had apparently been set for September 26, 1972, but the defendant's counsel, Mr. Walsh, filed several motions attacking the information and a preliminary hearing was held on the amended information on October 20, 1972. The defendant had

already advised the court as early as September 26, 1972, that he was ready for trial upon the original information. After the disposition of the various motions and the holding of the preliminary hearing the trial court informed the defendant and counsel that trial was scheduled for October 30 and October 31, 1972. The defendant did not appear for his scheduled arraignment on the amended information on October 20, 1972, and it was continued until October 24, 1972. Finally the defendant was arraigned on October 27, 1972. On that late date, October 27, 1972, which was a Friday, the defendant did appear before the court, addressed the court personally, and stated he desired to consult with another attorney and that he wanted him to work with Mr. Albert Walsh, his present counsel. We belabor the facts no further.

The matter of the granting of a continuance in a criminal case is peculiarly within the province of the discretionary judgment of the trial court. State v. Woods, 182 Neb. 668, 156 N. W. 2d 786. From what we have stated concerning the representation of the court-appointed counsel in this case, it appears that the record falls far short of showing any abuse of discretion in denying the continuance, particularly in light of the fact that the trial courts in the State of Nebraska are under compulsion, by virtue of section 29-1207, R. S. Supp., 1972, to afford a defendant a trial within the mandatory period of 6 months. The record in this case is silent concerning any fact which would support an allegation by the accused that he had good cause to dismiss his court-appointed attorney on almost the eve of the trial date. The most that can be said of the record in this respect is that it demonstrates only that the accused was dissatisfied because of the inability of his trial counsel to prevail in the numerous motions and hearings held prior to the date of trial. A criminal defendant may not discharge his counsel at the eve of trial and seek a continuance without demonstrating good

cause therefor. § 29-1206, R. S. Supp., 1972; United States ex rel. Jackson v. Follette, 425 F. 2d 257 (2d Cir., 1970); State v. Fagerstrom, 286 Minn. 295, 176 N. W. 2d 261. This case directly raises the issue of the right of a criminal defendant to seek substitute counsel on the very eve of trial without demonstrating a good cause therefor, when the record shows that he has been represented throughout by court-appointed counsel in a diligent and competent manner. We hold that the right of counsel, accorded under the Sixth Amendment, cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. Requests for the appointment of new counsel on the eve of trial should not become a vehicle for achieving delay. United States v. Llanes, 374 F. 2d 712 (2d Cir., 1967), cert. den., 388 U. S. 917. See, also, Ungar v. Sarafite, 376 U. S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921. We further point out that even though the defendant decided to proceed pro se the District Judge, carefully preserving and protecting the defendant's rights, proceeded to appoint Mr. Walsh to serve as legal advisor during the trial. State v. Walle, 182 Neb. 642, 156 N. W. 2d 810. We point out further, without objection, Mr. Walsh conducted the entire trial, and now appears in this court to present the very argument contending that the District Court erred in not appointing a new counsel to replace him. The contention of the defendant is utterly without merit.

The defendant objects to the admission of evidence consisting of three items: A gun, a radio, and a razor, all of which were found outside the service station when the defendant and his companion were arrested inside, and were subsequently tagged by the police and introduced into evidence with the tags still attached. The tags all stated "Evidence against Coleman/Turner." The defendant contends that the tags attached to the exhibits amount to a substantial change in the exhibits' condition. We are utterly unable to understand his conten-

tion. No reason or authority is presented for the proposition that the addition of an identification tag to the real evidence materially alters the condition of such evidence for the purpose of admission into evidence. State v. Allen, 183 Neb. 831, 164 N. W. 2d 662. Each one of these exhibits was identified and testified to by the police officers from their personal knowledge. It is clear that when such direct testimony indentifies and defines the purpose of the exhibits the information on the tags was merely cumulative. It is necessary for such identification to be made by the police in the line of good law enforcement so that the history of the exhibit may be preserved to demonstrate its admissibility in evidence.

The defendant next contends that a lighter, which was a part of the police inventory of his personal belongings, was unconstitutionally admitted in evidence. The defendant and his companion were actually arrested inside the service station by the police during the actual commission of this offense. No suggestion is made that the arrest was not reasonable and any search of the person of the arrestee incident to such arrest is constitutionally reasonable. Golliher v. United States, 362 F. 2d 594 (8th Cir., 1966); Beck v. Ohio, 379 U. S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142.

We have examined the other contentions of the defendant and they are without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.