STATE OF NEBRASKA, APPELLEE, v. OGDEN WILSON, APPELLANT.

261 N. W. 2d 376

Filed January 11, 1978. No. 41365.

Charles Plantz, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Defendant was found guilty by a jury of the crime of feloniously entering a building with intent to steal, rob, or maim, pursuant to the provisions of section 28-533, R. R. S. 1943. He was sentenced to a term of 3 years in the Nebraska Penal and Correctional Complex. Defendant perfected his appeal to this court, making several overlapping assignments of error which are consolidated to the following: (1) The trial court erred in denying the defendant's motion to suppress a statement, which in substance was tantamount to a confession, given by the defendant to an investigating officer. (2) The evidence was insufficient to sustain the jury's finding of guilt. (3) The sentence is excessive and the defendant should have been placed on probation.

A statement of the factual conclusions which the jury could have drawn from the evidence and a statement of some of the evidence will suffice to lay the groundwork for discussion of the errors assigned and argued. Late on the evening of July 7, 1976, the defendant and four companions drove from Pine Ridge Indian Reservation in South Dakota to Whiteclay, Sheridan County, Nebraska, where three of the men, including the defendant, entered "Harry's Off Sale" beer establishment. Two of the defendant's companions were masked and one carried a shotgun. The defendant was not masked and he was not the one carrying the shotgun. The female operator of the establishment appeared. She stated the gun was pointed at her. She ducked and the gun discharged, striking a door. The three men fled, reentered the automobile, and returned to the reservation in South Dakota. The incident was reported to

the Sheridan County sheriff. He notified the Bureau of Indian Affairs officers on the reservation. These officers came to Whiteclay and obtained from the woman operator of "Harry's Off Sale" a description of the incident and vehicle, as well as other information. Included in the other information was a description of the articles which the two men wore as masks. Later that same night the defendant and others were arrested by the Bureau of Indian Affairs officers without a warrant and incarcerated, and the two articles which had been worn as masks were seized. No shotgun was found. There was evidence, however, that defendant had made an admission that he had broken up the shotgun and thrown it into a creek.

The next morning the defendant was questioned in South Dakota by a member of the Nebraska State Patrol. The officer testified that he first gave the defendant the Miranda warnings and that he waived his rights. The defendant gave the statement which the investigator reduced to writing. The defendant then signed the statement. A Bureau of Indian Affairs officer was present during the interrogation and signed the statement as a witness. The statement was received in evidence at the trial.

The defendant took the stand on his own behalf. He admitted his presence at the incident. He denied knowing there was going to be an attempted robbery. He stated he did not know that one of his companions had the shotgun until after they had entered the building. He testified that he was very intoxicated at the time. His defense was that he lacked the requisite criminal intent and therefore was not guilty of the crime charged. It is apparent the confession supplied direct evidence that the defendant knew what was going to take place. The court instructed on and submitted to the jury the issues of specific intent, the legal effect of defendant's intoxication, the giving of the Miranda warnings and

the voluntariness of waiver of the Miranda rights, the voluntariness of the confession, and the burden of proof as it depends upon circumstantial evidence. The correctness of the instructions is not attacked.

Before trial the defendant moved to suppress the confession. A hearing was held on the motion, evidence was received, and the motion was overruled.

With reference to his first assignment of error, the defendant's position is that the arrest of the defendant in South Dakota was unlawful; that the fruits of the arrest were the confession and that therefore it must be suppressed. Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441.

The first prong of the defendant's argument on this point seems to be that since the legality of the arrest is determined by the law of the state where the arrest takes place and since there is no showing as to what the law of South Dakota is, the warrantless arrest must be presumed to be illegal. The second prong of the argument is that because the Bureau of Indian Affairs officers came into Nebraska and there obtained whatever evidence of probable cause they had, such information was obtained without authority and therefore cannot furnish the foundation for a probable cause arrest.

It is elementary, of course, that the legality of an arrest is, within constitutional limits, governed by the law of the state where the arrest takes place. Turk v. United States, 429 F. 2d 1327. It does not follow, however, that because no showing is made as to the requirements of a lawful arrest in the State of South Dakota that the arrest was in fact unlawful. No case cited by the defendant so holds. In the absence of proof of the common law or statutory law of another jurisdiction, this court, in reviewing the matter, will presume that they are the same as the law of Nebraska. State v. Addison, 197 Neb. 482, 249 N. W. 2d 746; State v. Bundy, 181 Neb. 160, 147 N. W. 2d 500, cert. den. 389 U. S. 871, 88 S. Ct. 152, 19 L. Ed. 2d 150.

In Nebraska an officer may arrest without warrant if he has probable cause to believe that the person arrested has committed a felony. § 29-404.02, R. R. S. 1943; State v. Irwin, 191 Neb. 169, 214 N. W. 2d 595. Probable cause justifying an arrest without a warrant exists if the facts and circumstances known to the arresting officer would warrant justifying a prudent man in believing that the offense has been committed and that the person arrested committed it. State v. Irwin, *supra*. The trial judge found, and the evidence we have summarized supports the conclusion, that the Bureau of Indian Affairs officers had probable cause in this case. We are bound by the factual determination of the trial judge unless those determinations are clearly erroneous. State v. Irwin, *supra*.

The claim of the defendant that the information the arresting officers obtained by their investigation in Nebraska cannot be used in determining probable cause is not supported by any authority cited by the defendant. The investigation by the Bureau of Indian Affairs officers in the State of Nebraska was not unlawful. We know of no law that prohibits an officer of one state from entering another state to make an investigation. If the officers were legally present at the place of the investigation, the information they obtained through personal inquiries can be considered in determining whether probable cause for arrest existed. 6A C. J. S., Arrest, § 34, p. 80.

The contention that the evidence was insufficient to support the verdict is frivolous. No discussion of that contention is required.

We now reach the contention that the defendant should have received a sentence of probation rather than incarceration. The defendant, age 19 at sentencing, has no significant prior record. The trial court, in determining whether to impose incarceration or probation, considered the factors listed in

section 29-2260 (2), R. R. S. 1943, and made findings with reference thereto. These are included in the presentence investigation report. The record supports the court's finding. The sentence imposed is the minimum sentence for the charge of which the defendant was convicted. § 28-533, R. R. S. 1943. We cannot therefore say that the court abused its discretion in denying probation.

AFFIRMED.