STATE OF NEBRASKA, APPELLEE, V. JEFFREY A. SONDAG, APPELLANT.

335 N.W.2d 306

Filed June 17, 1983. No. 82-442.

David S. Perlman and Gerald W. Pankonin, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

McCown, J.

The defendant, acting pro se, was found guilty by a jury of carrying a concealed weapon, and was sentenced to 1 year's imprisonment. The sole question on appeal is whether or not the defendant was denied a right to counsel under the provisions of Neb. Rev. Stat. § 29-1804.07 (Reissue 1979).

On October 26, 1981, the defendant was arrested and charged with carrying a concealed weapon in violation of Neb. Rev. Stat. § 28-1202(1) (Reissue 1979), a Class IV felony. The defendant appeared at five preliminary hearings with privately retained counsel. At an arraignment hearing on February 9, 1982, defendant's counsel appeared but the defendant failed to appear, and the court granted an oral motion for a writ of capias. The defendant's then counsel also entered an oral motion to withdraw from representation of the defendant on the grounds of conflict of interest. The court took that motion under advisement.

Another arraignment hearing was had on February 11, 1982, 2 days later, at which time both the defendant and the counsel appeared. The district judge stated that he would permit defendant's counsel to withdraw following that hearing, but required counsel to remain through the arraignment proceeding. The judge also informed the defendant of his right to be represented by the public defender's office if he wished to have an attorney to represent him and could not afford one. The defendant responded: "Yes, sir, but I'd just like to say I plan on hiring another attorney. I don't want a public defender and I don't feel I know enough about the law to defend myself."

The judge then warned the defendant that the trial was set for March 1, 1982, and would not be continued for the purpose of allowing the defendant to

procure new counsel. The defendant pleaded not guilty and trial was set for March 1, 1982.

On March 1, 1982, the defendant appeared for trial without counsel before a different district judge. The judge stated to the defendant that the court understood that the defendant had previously been advised that he was entitled to an attorney and that the court had offered to appoint an attorney to represent him, but that the defendant had elected and stated to the court that he wished to proceed and represent himself. The judge inquired as to whether that was correct. The defendant responded: "Well, I had an attorney previously to this, and my mistake was that I didn't prepare for this properly. I guess I didn't have enough money to pay for an attorney so I ended up not having an attorney. By the time I wanted the public defender I was informed that he would have to be appointed by the Court but—so I have no choice but to represent myself."

The judge then stated that the previous judge had advised the defendant on February 11 that he was entitled to have an attorney appointed by the court, but that the defendant had declined to have the appointment made, and inquired whether that was a correct statement. The defendant responded: "Correct, but at that time I assumed that I would—I was going to be able to afford an attorney. It was an improper assumption on my behalf."

The judge then asked if the defendant had been informed that the trial would be on March 1, 1982, and if he had had at least 2 weeks' notice of that date. When the defendant acknowledged that he had, the court then proceeded with the trial, with the defendant acting as his own counsel.

The State called only one witness, the arresting officer, and the defendant, representing himself, took the stand and testified on his own behalf. The jury returned a verdict of guilty and this appeal followed.

The defendant's sole contention on this appeal is

that he was denied his constitutional and statutory right to assistance of counsel at trial.

The State contends that the defendant's statement at his arraignment on February 11, 1982, and his appearance at trial without counsel constituted a waiver of his right to counsel at trial.

Section 29-1804.07 provides in part: "At a felony defendant's first appearance before a judge without retained counsel, the judge shall advise him or her of his or her right to court-appointed counsel if such person is indigent. If he or she asserts his or her indigency, the court shall make a reasonable inquiry to determine such person's financial condition, and shall require him or her to execute an affidavit of indigency for filing with the clerk of the court. If the court determines the defendant to be indigent, it shall formally appoint the public defender . . . to represent the indigent felony defendant at all future critical stages of the criminal proceedings against such defendant . . . . A felony defendant who is not indigent at the time of his or her first appearance before a judge may nevertheless assert his or her indigency at any subsequent stage of felony proceedings, at which time the judge shall consider appointing counsel as otherwise provided in this section."

In the case at bar the defendant's first appearance before a judge without retained counsel was at the trial on March 1, 1982. The trial judge, in effect, advised the defendant that the defendant had already waived his right to counsel, and did not make any reasonable inquiry to determine the defendant's financial condition, even after the defendant had stated that he did not have enough money to pay for an attorney.

Even in the absence of the specific statutory language the case at bar is almost a duplicate of the case of *State v. Moore*, 203 Neb. 94, 277 N.W.2d 554 (1979). In that case we said: "Although the defendant had already affirmatively indicated his intention to exercise his constitutional right to counsel by re-

taining private counsel, the court interpreted the defendant's appearance at trial without counsel as an affirmative, intelligent, and understanding waiver of his constitutional right to counsel simply because the defendant had been advised of his right to counsel a month before. Under the circumstances here it was wholly unreasonable to assume that the defendant had conclusively rejected an offer of counsel, much less that he had affirmatively waived his right to counsel." *Id.* at 99, 277 N.W.2d at 557.

Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972).

No defendant can be completely denied the assistance of counsel absent a determination of his ability to retain counsel or his desire to have counsel appointed. *State v. Moore, supra.*

In view of the presumption against a waiver of the constitutional right to counsel, both the specific statutory language of § 29-1804.07 and case law require the trial court to make a reasonable inquiry into the defendant's ability to retain counsel or his desire to have counsel appointed. Neither inquiry was made here at the defendant's first appearance before a judge without retained counsel.

The conviction of the defendant is reversed and the cause remanded to the District Court.

REVERSED AND REMANDED.

BOSLAUGH, J., dissenting.

The statute, Neb. Rev. Stat. § 29-1804.07 (Reissue 1979), requires only that when an indigent felony defendant appears before a judge without retained counsel, the judge shall advise him of his right to court-appointed counsel. This may be at the first appearance without counsel or at a later appearance *if the defendant was not indigent at the time of his first appearance.*

The record in this case shows that the defendant's first appearance in the trial court without retained counsel was at the hearing on February 11, 1982, following the arraignment. Retained counsel's motion to withdraw, made at the hearing on February 9, 1982, was sustained after the arraignment had been completed.

During the arraignment the following took place:

"THE COURT: . . . You have a right to have assistance of counsel at all critical stages of the proceeding. You have a right, if you wish, to represent yourself, act as your own counsel, whether you're an attorney or not. However, if you wish to have an attorney represent you and you cannot afford an attorney and there is an affidavit in support that you're indigent and unable to afford an attorney, then the Court can appoint the Public Defender's Office to represent you. Do you understand your rights to represent yourself and your right to have counsel?

"MR. SONDAG: Yes, sir, but I'd just like to say I plan on hiring another attorney. I don't want a public defender and I don't feel I know enough about the law to defend myself.

"THE COURT: That's fine, you have that right, but I want you to understand again that the trial date will not be continued.

"MR. SONDAG: I understand that."

After the arraignment had been completed and retained counsel's motion to withdraw had been sustained, the following took place: "THE COURT: You understand at the present time you are your counsel of record right now?

"MR. SONDAG: Yes, sir.

"THE COURT: And that will remain that way until such time as another attorney appears before you, and again I want to caution you, and I know I've done it twice and this is the third time, the trial date of March 1st will not be continued for the purpose of procuring other counsel or giving counsel an opportunity to examine the evidence in the case and

prepare for trial. So you must contact other counsel soon. All right, your bond will be continued in full force and effect then. That's all.

"MR. SONDAG: Okay, thank you."

The trial court had advised the defendant of his right to court-appointed counsel *if the defendant was indigent* and the defendant had stated, "I don't want a public defender." It seems to me this was an effective waiver of the right to appointed counsel.

The decision in this case permits the defendant to disrupt the orderly procedure of the court and places the trial court in an impossible situation. The defendant is permitted to refuse appointed counsel before trial, and then secure a delay by requesting appointed counsel on the day of the trial.

A defendant should not be permitted to manipulate his right to counsel so as to obstruct orderly procedure in the administration of justice. *State v. Coleman*, 190 Neb. 441, 208 N.W.2d 690 (1973); *State v. Kirby*, 187 Neb. 380, 191 N.W.2d 162 (1971); *State v. Bratton*, 187 Neb. 460, 191 N.W.2d 612 (1971).

When a defendant has been advised of his right to appointed counsel and has made an effective waiver of that right, there should be some responsibility upon the defendant to advise the court *before the trial is about to commence* if there has been a change in circumstances and the defendant now wants appointed counsel.

HASTINGS and CAPORALE, JJ., join in this dissent.